Jack G. **FAVOR**, P. M. B. 65386

v.

C. Murray **HENDERSON**, Warden, Louisiana State Penitentiary.

Civ. A. No. 17628.

United States District Court, W. D. Louisiana, Shreveport Division.

May 16, 1972.

Supplemental Opinion June 2, 1972.

Order Directing Supplementation of Records Aug. 11, 1972.

James B. Wells, Bossier City, La., for plaintiff.

William J. Guste, Jr., Atty. Gen. of Louisiana, Walter L. Smith, Jr., Asst. Atty. Gen., Baton Rouge, La., for defendant.

### ORDER

DAWKINS, Chief Judge.

Petitioner's habeas application was received by this Court and permitted to be filed and prosecuted *in forma pauperis.*

March 3, 1972, we directed the State to file the complete record in this matter with this Court and further that the State, through its District Attorney for the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana, should file a brief of authorities or otherwise plead within the twenty days in response to applicant's allegations that his conviction was unconstitutionally obtained by perjured testimony of Floyd E. Cumbey; that collusion existed between that State's witness and the authorities of Bossier Parish; and that he was denied his right to appeal and to have the aid of counsel on appeal.

The record has been received, including the entire transcript of the trial (660 pages) and another volume of 14 pages of rebuttal transcript, and an ad-

ditional volume with the Minutes of the Court, including motions, the habeas corpus petition of applicant, and judgment denying same. A general denial has been received from the respondent through the Attorney General's office, but no brief or other pleadings.

Applicant has alleged in his petition, through counsel of record, Mr. J. B. Wells, that he was sentenced to life imprisonment on June 19, 1967, after trial, and raises three questions as to the alleged invalidity of his sentence, *viz.,*

> I. Was relator's conviction had by one sole witness's perjured testimony?
>
> II. Was there any collusion between "star" witness Cumbey and the Bossier Parish authorities which was not revealed to defense counsel or the jury?
>
> III. Was relator denied his constitutional right to appeal and to have the aid of counsel on appeal?

■ The record before us shows that applicant had the benefit of most able counsel before and during his trial, through Messrs. Joe T. Cawthorn (now deceased) and J. B. Wells, who were retained and vigorously defended applicant. There is nothing in the record that indicates that retained counsel ever filed in the trial Court any motion to withdraw as counsel because of the indigency of applicant or that applicant desired to appeal. It can only be assumed that applicant and his counsel did not desire to appeal and that an out-of-time appeal at this late date would be of no avail as the habeas corpus application relating to the same questions has been denied by the State District Court and the Louisiana Supreme Court. See Johnson v. Wainwright, 456 F.2d 1200, Summary Calendar (5th Cir., February 25, 1972). The application for writ as to question III above therefore is denied.

■ As to question I presented above, this also is without merit and is denied as the jury heard the testimony of all the witnesses including applicant and the main witness for the State, Floyd E.

Cumbey, who was rigorously cross-examined by defense counsel and his entire past and sordid record paraded before the jury.

The record before us is wholly silent as to question II. There is no evidence in the record or response from the State, with affidavits or otherwise, so that we can determine if applicant was in any wise prejudiced in his trial. It can no longer be questioned that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215. Moreover, the jury is entitled to know of "any understanding or agreement as to a future prosecution," Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104, 1972, or as to any *quid pro quo* for Cumbey's testimony.

If there was an understanding between Cumbey, the prosecutor, and the Judge, as alleged, which was not communicated to defense counsel or to the jury, then the State Court should determine whether the failure to make the disclosure was harmless beyond a reasonable doubt. See Schneble v. Florida, 405 U.S. 427, 92 S. Ct. 1056, 31 L.Ed.2d 340; Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966); Vaccaro v. United States, 461 F.2d 626 (5th Cir., 1972).

It is noted in the record and from judicial notice that the composition of the Twenty-Sixth Judicial District, comprising Bossier and Webster Parishes, Louisiana, has changed substantially since the trial and conviction of applicant: The Honorable O. E. Price, Presiding Judge at the trial now is a Judge of the Louisiana Court of Appeal, Second Circuit; The Honorable Louis E. Padgett, Jr., who was the District Attorney who prosecuted the case of applicant, is now District Judge in said Twenty-Sixth District; The Honorable Monty M. Wyche, who was Assistant District Attorney in applicant's case, is now a District Judge

of the Twenty-Sixth Judicial District; The Honorable Enos C. McClendon, Jr., the sole remaining Judge of the Twenty-Sixth Judicial District, already has rendered judgment denying applicant's State habeas petition. He did not even address himself to the issues raised by question II. The Honorable Charles A. Marvin is now District Attorney of said Twenty-Sixth District, recently elected, and was and is a partner in the firm with Mr. J. T. Campbell in Minden, Louisiana, Mr. Campbell being associate counsel with Mr. J. B. Wells for applicant herein on his habeas petition in the State Court.

On the allegations of the petition herein an evidentiary hearing *must* be held.

It is therefore ordered, that the State of Louisiana, through the office of its Attorney General invoke in the State Court an evidentiary hearing within thirty days to determine the veracity *vel non* of the allegations made by applicant in his petition as to question II hereinabove set forth. Cline v. Beto, 418 F.2d 549 (5th Cir., 1969). This Court is not ordering a trial *de novo* of Favor. We are not concerned with his guilt or innocence but only as to whether due process of law, under the State and Federal Constitutions, was accorded him in the State proceedings which resulted in his conviction and sentence. The inquiry to be conducted by the State Judge according to this Order should be limited to a factual determination as to the existence *vel non* of collusion between Cumbey, the prosecutor, and the trial Judge; whether it, if such there was, was communicated to defense counsel and the jury; and whether or not failure to reveal, if such indeed occurred as alleged, was harmless beyond a reasonable doubt.

To that end, it is further ordered, that the Attorney General of Louisiana petition the Supreme Court of Louisiana to designate a State District Judge presiding in a district outside of the Twenty-Sixth Judicial District Court to preside over the evidentiary hearing, and to appoint a District Attorney outside the Twenty-Sixth Judicial District to

represent the State. It is also ordered, that the State of Louisiana transfer petitioner from the Penitentiary at Angola to the Jail at Benton, Louisiana, in ample time for retained counsel to prepare for the hearing.

Jurisdiction of this case is retained by this Court pending the final outcome of the State Court evidentiary hearing. A full written transcript of that hearing shall be made, and filed with us, as well as written findings of fact and conclusions of law to be made upon the factual and legal issues on question II presented by petitioner, said findings and conclusions to be made by the State trial Judge who conducts the evidentiary hearing, all of which will be reviewed by us before disposing of this habeas application.

Of course, the State may decide that an evidentiary hearing is not desirable, in which case we shall be entitled to find that the allegations of petitioner's application are true and the writ of habeas corpus will be granted.

## SUPPLEMENTAL ORDER

■ Pursuant to our order of May 16, 1972, we have received from the office of the Attorney General of Louisiana a copy of the motion he filed with the Louisiana Supreme Court for appointment of a Judge *ad hoc*, appended hereto as Exhibit No. 1. We also have received from the Clerk of the Louisiana Supreme Court its ruling, copy of which is appended as Exhibit No. 2.

We have obtained the Minutes and Judgments of the Twenty-Sixth Judicial District Court for Bossier Parish, Louisiana; a certificate from the Records Office of the Louisiana State Penitentiary, Angola, Louisiana, showing that Cumbey never was incarcerated in that institution; and a copy of a letter written by the Honorable W. E. Waggonner, Sheriff of Bossier Parish, dated October 22, 1970, showing that Cumbey was re-

leased without serving any part of his sentence.[1] Moreover, we have received the State Court Minutes disclosing that Yates, a co-defendant in this murder trial, after serving four years in confinement at Angola, was returned to the District Court in Bossier Parish where his life sentence was voided, pleaded guilty to two counts of manslaughter, and was sentenced by the District Court to seventeen-year terms on each count, to run concurrently, and concurrently with a federal sentence of twenty years for bank robbery which began in 1964. In the event Yates is paroled by federal authorities, the remainder of his State sentences are to be suspended. All of these documents are appended as Exhibits Nos. 3 through 7, respectively.

Yates filed a petition for habeas corpus in this Court on July 21, 1970. Since he had not exhausted State Court remedies, we directed him to refile his petition and ordered an evidentiary hearing. Upon request of the then District Attorney, Honorable Louis E. Padgett, Jr., this Court granted a delay for conducting the evidentiary hearing for thirty days from October 27, 1970. Thereafter, once Yates' sentence was reduced by the State Court as described above, and he was surrendered to the Federal Prison System, we received a handwritten motion by him to withdraw his petition for a writ of habeas corpus in this Court and to dismiss the suit, which motion was granted by us. Copy of this document is appended as Exhibit No. 8.

As heretofore noted in our original order, Favor alleges that there was collusion between "star" witness Cumbey, indicted on the same offenses—murder of an elderly couple in Bossier Parish— and the Bossier Parish authorities which was not revealed to defense counsel or to the jury. We there indicated an earlier habeas application entertained by the Honorable Enos C. McClendon, Jr., was dismissed in a written opinion which did not address itself at all to the "collusion"

---

1. Sheriff Waggonner volunteered the information that he deliberately left vague the source which directed him to release Cumbey to prevent an embarrassing situation.

claim. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), cast serious doubts on the methods used by the Bossier Parish authorities in obtaining jury convictions and two sentences of life imprisonment imposed upon Favor.[2] Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972), and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966), supply the appropriate test for determining whether failure to disclose any understanding in such circumstances violated due process of law and mandated voiding the trial, conviction, and sentences.

The Supreme Court in Fay v. Noia, 372 U.S. 391, 401–402, 83 S.Ct. 822, 828, 9 L. Ed.2d 837 (1962), wrote:

". . . It is no accident that habeas corpus has time and again played a central role in national crises, wherein the claims of order and of liberty clash most acutely, not only in England in the seventeenth century, but also in America from our very beginnings, and today. Although in form the Great Writ is simply a mode of procedure, its history is inextricably intertwined with the growth of fundamental rights of personal liberty. For its function has been to provide a prompt and efficacious remedy for whatever society deems to be intolerable restraints. Its root principle is that in a civilized society, government must always be accountable to the judiciary for a man's imprisonment: if the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release. Thus there is nothing novel in the fact that today habeas corpus in the federal courts provides a mode for the redress of denials of due process of law. Vindication of due process is precisely its historic office." (Footnotes omitted.)

■ Of course, federal courts are charged with making final federal constitutional decisions. Those decisions may be based on facts adduced at the federal district court's evidentiary hearing or on the record as submitted by the State Court or by a State Court's evidentiary hearing which provides a full, fair, and adequate determination of applicant's claims. No matter the method chosen, the federal district court makes the independent determination of the facts and measures them against federal constitutional standards. This is not to say that in any manner we act as an appellate court or an overlord of the State Court judiciary. As Chief Judge Tuttle wrote in Stickney v. Ellis, 286 F. 2d 755, 757 (1961), "The District Court's review on habeas corpus of a state conviction is not 'a case of a lower court sitting in judgment on a higher court. It is merely one aspect of the Supremacy Clause of the Constitution whereby federal law is higher than State law.' "[3]

---

2. As noted, Cumbey was released from custody, but the jury in convicting Favor was told he, Cumbey, would serve a life term in the penitentiary. (State Court Trial, pp. 367, 396–398, 406–409, 622–623, 628.) After the trial, on December 11, 1967, Cumbey was allowed to change his plea from guilty of murder to guilty on two counts of manslaughter, received two twenty-one year sentences, and was released on December 12, 1967, without serving a day on any of his sentences. See Exhibits Nos. 3, 4, and 6.

3. The Supremacy Clause referred to by Judge Tuttle reads:
 "Article 6, Clause 2. This Constitution and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every State shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."
 Under that Clause, the federal courts' interpretations thereof are controlling vis à vis State Court decisions, especially where federal constitutional rights of individuals prosecuted in State Courts are involved. The following cases illustrate that a United States Court's analysis of the Constitution binds the State judiciaries and overrides their notions of fed-

This is acutely so when federal constitutional rights have been abused, as here alleged. The responsibility is squarely upon us and we have not shirked and will not shirk it. Indeed, we shall discharge that duty in its fullest measure.

Mindful of the statutory directive, 28 U.S.C. § 2254(c), in the interest of comity, to stay our hand in cases where applicants have not exhausted State remedies, initially we sent Favor back to the State Court, where he was required to present his allegations of constitutional deprivations for State scrutiny. The Court in Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, explained the rationality of exhaustion of State remedies:

"It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation. . . . Solution was found in the doctrine of comity between courts, a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until a court of another sovereignty with concurrent powers, and already cognizant of the litigation has had an opportunity to pass upon the matter." (At page 204, 70 S.Ct. at page 590.)

Our sensitivity to this mandate and the federal jurisprudence's insistence upon it convinces us that State Courts should be given every opportunity consistent with constitutional rights of habeas applicants to right their own wrongs. This common-sense policy does not reflect any reluctance on this Court's behalf for exercising its duty. Indeed our retention of jurisdiction in this and other similar cases affirms our attention to federal constitutional affairs. Never-

theless, we recognize that federal interference is necessary only after the State allegedly has refused to provide any defendant due process under the federal Constitution. We have directed many applicants to file and refile their petitions for habeas relief in State Courts. Generally, the responses to our Court-ordered hearings have been thorough and fair investigations of the bases for defendants' applications; and most often we have adopted the findings of fact made by the able State District Courts.

Here, we directed Louisiana's Attorney General to petition the State Supreme Court to assign a State trial judge *ad hoc* from outside the Twenty-Sixth Judicial District to conduct an evidentiary hearing wherein Favor might use the State's post-conviction habeas remedy to re-present his claim which had not been disposed of by any of the State Courts. In Milton v. Wainwright, 396 F.2d 214 (5th Cir., 1968), Chief Judge Brown asked a rhetorical question:

"Should we, in the interest of genuine working comity, put the fact-finding responsibility as to this new factual thesis squarely on the . . . Courts where initially at least, it belongs?"

His answer recognizes that State Courts, to the same extent as federal, have duties and responsibilities in the administration of federal Constitutional law:

"We are now committed to the fullest exploitation of the many new and urgently needed State post-conviction remedies. In the long run, time is saved if constitutional rights are better vindicated by assuring that State mechanisms to ascertain and find facts are fully used. We reject again, as we have so many times recently the beguiling appeal of remanding it for the Federal Judge to do what is initially the clear duty of the State Court.

eral constitutional law: North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), (due process denied by State by more drastic sentence on second trial); Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (Fifth Amendment guarantee against double jeopardy, applicable to

States, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707; embodies collateral estoppel); Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971) (State must afford indigent non-felony defendant a trial record of sufficient completeness to effect an appeal).

See State of Texas v. Payton, 5 Cir., 1968, 390 F.2d 261 . . . . *This is not abdication.* To the contrary it effectuates the Supremacy Clause in a vivid way to (a) place initial responsibility where it belongs and (b) hopefully by fact ascertainment and finding the constitutional claim will be recognized by the state court or, if not, (c) the Federal Court would have an adequate record on which to make the inescapably independent judgment on the facts." (At p. 215.) (Emphasis supplied.) [4]

While we are aware of amazingly glaring refusals by Louisiana's Supreme Court to apply federal constitutional law [5] we are bound not only by United States Supreme Court rulings but also by decisions of the United States Court of Appeals for the Fifth Circuit. Recently that Court wrote in Cline v. Beto, 418 F.2d 549 (5th Cir., 1969):

"Upon remand it is not imperative that the District Court itself hold a hearing. The District Court may properly withhold the granting of relief and retain jurisdiction of this cause for a reasonable period of time during which the State may be afforded opportunity to give the appellant an evidentiary hearing and enter appropriate findings. The State Court findings, upon review, then may be the basis for the final order of the United States District Court.

"If no appropriate record of the State Court proceedings are filed within the time proscribed by the District Court, it should then exercise its continuing jurisdiction by directing a new trial within a reasonable time or discharging the appellant from custody.

"It is for the United States District Court to determine whether it should proceed to conduct the hearing itself or allow the State to conduct its own hearing and enter appropriate findings. The State hearing procedure in no way divests the District Court of its full jurisdiction. The District Court may well determine that affording the State the opportunity to exercise its initial, if not primary, right and responsibility, has great merit in the administration of law while, at the same time, reserving to the District Court its 'inescapably independent judgment on federal issues.'" (Citations omitted.) (At p. 551.)

With deference, we are compelled at this point to observe that if Justice Barham, on May 25, 1972, in confecting his concurring opinion in the case before us, where he chose to characterize our order of May 16, 1972, as a "contumelious abuse of authority," had spent as much effort in reading Cline v. Beto as he did in digging through the dictionary to find such a castigating appellation for our order, in which *Cline* was expressly cited, perhaps his feelings would have been ameliorated to some extent at least, and he might not have used such harsh language.

Our only interest in this matter is to enforce the right of personal liberty when that right has been denied and a person confined. We have been granted wide discretion in determining the facts

4. See also Fitzgerald v. Wainwright, 440 F.2d 1049 (5th Cir., 1971); Bryan v. State of Louisiana, 418 F.2d 560, at 561 (5th Cir., 1969); and Savant v. Henderson, 319 F.Supp. 984 (W.D.La., Alex. Div., 1970).

5. See State ex rel. LeBlanc v. Henderson, La., 259 So.2d 557 (1972). There that Court determined that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), would apply from the effective date of State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). Justice Barham, dissenting, wrote:

"Now comes the most unfathomable legal principle in the opinion. The majority has decided to apply Boykin v. Alabama not upon its effective date, June 2, 1969, but as of December 8, 1971, when we handed down State ex rel. Jackson v. Henderson. Is it reasonable to believe that a state court can ignore and deny effect to a United States Supreme Court pronouncement until it finds it convenient or expedient to apply it to federal issues which are affected by the decision?" (259 So. 2d at p. 565.) See, *e. g.*, Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

and disposing of the matter as law and justice require. However, we cannot revise the State Court judgment (sent to us by its Clerk and appended hereto), but can act only on the body of the petitioner. The Supreme Court in Townsend v. Sain, 372 U.S. 293, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1962), wrote:

". . . We are aware that the too promiscuous grant of [federal] evidentiary hearings on habeas could both swamp the dockets of the District Courts and cause acute and unnecessary friction with the State organs of criminal justice, while the too limited use of such hearings would allow many grave constitutional errors to go forever uncorrected."

In light of Louisiana's Supreme Court ruling herein, we conclude that our original order, which most unintentionally exacerbated the Federal-State friction potentially present whenever the writ of habeas corpus is applied for by state prisoners, should be modified.

Clearly, in light of developments here, we would have the right to release Favor. Fay v. Noia, *supra*; Cline v. Beto, *supra*. Nevertheless, the remedy we fashion is in response to our duty in relation to habeas matters and not in reaction to the State Supreme Court's opinion. Consequently, we now grant petitioner's application for the writ of habeas corpus to the extent that the State retry petitioner within a reasonable time, not to exceed thirty days from this date. His convictions and sentences hereby are nullified and set aside.

For the reasons set forth in our first order, we direct that such new trial be conducted in the Tenth Judicial District of Louisiana, in Natchitoches Parish, before one of the Judges of that Court; and that the Louisiana Attorney General assign a District Attorney from outside the Twenty-Sixth Judicial District to serve as prosecutor.

If this is not done, as directed, we shall order his immediate release from the Louisiana State Penitentiary, to be prosecuted no more under the indictments by the Bossier Parish grand jury.

EXHIBIT NO. 1

SUPREME COURT OF LOUISIANA
NO.
JACK G. FAVOR, P.M.B. 65386

VERSUS

C. MURRAY HENDERSON, WARDEN LOUISIANA STATE PENITENTIARY

MOTION TO APPOINT
JUDGE AD HOC

Pursuant to an order issued out of the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION, in the matter of JACK G. FAVOR, P.M.B. 65386, versus C. MURRAY HENDERSON, WARDEN, LOUISIANA STATE PENITENTIARY, civil action No. 17,628, a copy of which is attached hereto and made a part hereof, the office of the Attorney General of the State of Louisiana, through the undersigned counsel respectfully requests this Honorable Court to order an evidentiary hearing on the question of the veracity *vel non* of an allegation made by Jack G. Favor to wit:

"Was there any collusion between 'star' witness Cumbey and the Bossier Parish authorities which was not revealed to defense counsel or the jury?"

and further in compliance with the said order issued out of the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION, to designate and appoint a State District Judge outside of the Twenty-Sixth Judicial District Court to preside over the evidentiary hearing.

RESPECTFULLY SUBMITTED,

WILLIAM J. GUSTE, JR.
Attorney General

BY:

s/ Walter L. Smith Jr.

WALTER L. SMITH, JR.
Assistant Attorney
 General

EXHIBIT NO. 2

## SUPREME COURT OF LOUISIANA

JACK G. FAVOR, P.M.B. 65386

V.

C. MURRAY HENDERSON
LOUISIANA STATE PENITENTIARY

### MOTION TO APPOINT JUDGE AD HOC

The motion is denied—

The United States District Judge before whom the application for habeas corpus is pending, and who states in his order that he is retaining jurisdiction of the case, is without authority to order the Attorney General of Louisiana to apply to this Court to appoint a state court judge to conduct an evidentiary hearing in the state court on a claim made by a petitioner in a habeas corpus proceeding pending in the United States District Court. Since the case is pending in the United States District Court, that tribunal has ample authority to conduct an evidentiary hearing of its own; it cannot, and should not, request such a proceeding in the state court, where petitioner has already applied for and has been denied relief. See State ex rel. Favor v. Henderson, No. 52,122 of our docket, La., 256 So.2d 641.

Barham, J., concurs with written reasons.

### BARHAM, Justice, concurring.

A federal district judge has here, in his exercise of jurisdiction over a federal writ application, tried to exercise supervisory jurisdiction over a state court, in fact, over the Louisiana State Supreme Court. If that federal district court believes under its consideration of a federal writ application that an evidentiary hearing is required before a judge other than the trial court judge (who is the only judge designated by state law to consider this if it were a *state* writ), it should comply with the federal law which mandates the *federal* court to hold such a hearing. The federal district court has neither the right nor the power to order

a state district court to conduct the hearing for the federal district court under a federal writ application. It is especially inappropriate to ask a state district court to hold such a hearing when that federal court states its concern is with alleged collusion between the state trial judge and other state officials effectuating a denial of due process for the applicant. If the federal court has such a strong conviction about the need for an evidentiary hearing to determine the merits of the application before it, that court cannot absolve itself of its obligation by threatening a state court to release the convict if the state court does not act pursuant to the federal court's order. The federal court cannot wash its hands of the blood of this deed through this contumelious abuse of authority. The federal law does not grant to the federal court the right to make the assumption that the allegations are true without having an evidentiary hearing. Nothing permits a federal court to threaten that convicted state prisoners will be turned loose if the state court does not act as requested by the federal court when that request is neither authorized by law nor even contemplated. A reasonable request for cooperation may often be, and it should be, responded to by courts in both systems, and respect and reciprocity are to be sought between the systems. Here, after this state has determined through its highest tribunal that there was no merit in relator's claims, a contrary federal determination should not shift to the state the expense of special counsel and the cost of assignment of special court personnel including the judge. This is a gross encroachment upon the assignment of separate functions between the two systems. There is authority for an adequate disposition to be made of the matter in federal law and in the federal court. It should exercise that authority if it is so persuaded. It should not usurp authority not granted and totally unneeded. Again, respect between the systems depends upon restraint. See State ex rel. McNeely v. Henderson, 256 La. 869, 239 So.2d 364.

EXHIBIT NO. 3(a)

CRIMINAL DOCKET

STOCK FORM CRIMINAL DOCKET

NO. 39,373
IN THE TWENTY-SIXTH DISTRICT COURT
BOSSIER PARISH, LOUISIANA

| NUMBER OF CASE | STATE OF LOUISIANA vs, Floyd Edward Cumbey | ATTORNEY | OFFENSE | DATE OF FILING Month | Day | Yr. |
|---|---|---|---|---|---|---|
| | | | Manslaughter | 12 | 11 | 1967 |

| DATE OF ORDERS | |
|---|---|
| 12/11/67 | Defendant in open Court, after having his rights explained, waives right of counsel and enters a plea of guilty as charged and is duly and legally sentenced by the Court to serve twenty-one (21) years in the Louisiana State Penitentiary. Judgment is signed and filed. |

[A6078]

EXHIBIT NO. 3(b)

# CRIMINAL DOCKET

NO. 39,374
IN THE TWENTY-SIXTH DISTRICT COURT
BOSSIER PARISH, LOUISIANA

STOCK FORM CRIMINAL DOCKET

| NUMBER OF CASE | ATTORNEY | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|
| | | | Month | Day | Year |
| STATE OF LOUISIANA vs. Floyd Edward Cumbey | | Manslaughter | 12 | 11 | 67 |

| DATE OF ORDERS | |
|---|---|
| 12/11/67 | Defendant in open Court, after having his rights explained, waives right of counsel and enters a plea of guilty as charged and is duly and legally sentenced by the Court to serve twenty-one (21) years in the Louisiana State Penitentiary; to run consecutively with sentence imposed in No.39,373. Judgment is signed and filed. |

348 F.Supp.—28

[A60793]

## EXHIBIT NO. 4(a)

STATE OF LOUISIANA

VERSUS

Floyd Edward Cumbey

No. 39,373

In Twenty-Sixth District. Court
Bossier Parish, Louisiana

In the above numbered and entitled case, by reason of the law and the evidence being in favor thereof, and by further reason of a bill of ~~indictment~~ information, charging the defendant, _____

_____ Floyd Edward Cumbey _____ with the crime of

Manslaughter

~~and considering the verdict of guilty, after due trial,~~
and considering the plea of guilty herein entered,
IT IS ORDERED, ADJUDGED AND DECREED that said defendant, age 31 years, be confined at hard labor in the Louisiana State Penitentiary for a period of _____

21 years _____ to date from

his arrival, ~~expiration of sentence to run concurrently with sentence in No.~~ _____,

~~this day signed~~ _____,
subject to the commutation laws of this State, and pay all costs of this prosecution.

The Sheriff of Bossier Parish will convey and deliver him, the said defendant, to the keeper of said institution, who will so keep him until discharged accordng to law.

Judgment rendered, read and signed in open Court, and in the presence of the accused, on this, December 11 19 67.

Judge Twenty-Sixth District of Louisiana.

### STATEMENT OF FACTS:

The defendant committed manslaughter by unlawfully killing Mr. W. R. Richey on April 17th, 1964. Upon arraignment on December 11, 1967, after having first been duly advised of his rights to counsel and having waived same, the defendant entered a plea of guilty as charged and waived the delay for sentencing. The defendant was then sentenced to be confined at hard labor in the Louisiana State Penitentiary for a period of 21 years.

A true copy:

Deputy Clerk of Court.

FILED
DEC 1 1 1967
DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

[A6080]

Judge Twenty-Sixth District of Louisiana.

ASS'T District Attorney 26th District of Louisiana.

EXHIBIT NO. 4(b)

STATE OF LOUISIANA
VERSUS

Floyd Edward Cumbey

No. 32,374

In Twenty-Sixth District Court
Bossier Parish, Louisiana

In the above numbered and entitled case, by reason of the law and the evidence being in favor thereof, and by further reason of a bill of ~~indictment~~ information, charging the defendant,

Floyd Edward Cumbey with the crime of

Manslaughter

~~and considering the verdict of guilty after due trial~~
and considering the plea of guilty herein entered,
IT IS ORDERED, ADJUDGED AND DECREED that said defendant, age 31 years,

be confined at hard labor in the Louisiana State Penitentiary for a period of

21 years
 to date from

~~his arrival~~, expiration of sentence ~~to run concurrently with sentence~~ in No. 39,373 ,

this day signed by this Court ,
subject to the commutation laws of this State, and pay all costs of this prosecution.

The Sheriff of Bossier Parish will convey and deliver him, the said defendant, to the keeper of said institution, who will so keep him until discharged accordng to law.

Judgment rendered, read and signed in open Court, and in the presence of the accused, on

this, ____December 11____ 19 67.

_____
Judge Twenty-Sixth District of Louisiana.

STATEMENT OF FACTS:

The defendant committed manslaughter by unlawfully killing Mrs. W. R. Richey on April 17, 1964. Upon arraignment on December 11, 1967, after having first been duly advised of his rights to counsel and having waived same, the defendant entered a plea of guilty as charged and waived the delay for sentencing. The defendant was then sentenced to be confined at hard labor in the Louisiana State Penitentiary for a period of 21 years.

A true copy:

FILED
DEC 1 1 1967
DEPUTY CLERK
25TH JUDICIAL DISTRICT COURT
[A6081]

Deputy Clerk of Court.

_____
Judge Twenty-Sixth District of Louisiana.

_____
ASS'T District Attorney 26th District of Louisiana.

## EXHIBIT NO. 5
### LOUISIANA STATE PENITENTIARY

## MEMORANDUM

TO: Honorable Ben Dawkins DATE: May 30, 1972

FROM: Records Office RE: Donald Lee Yates

Please find attached court papers on the above named subject as requested by you. Also please be advised we have nothing on a Floyd Cumbey.

[A6082]

Assuring you of our cooperation at all times, I am

Vol S. Dooley, Jr., Chief Criminal Deputy. James H. McKellar, Chief Civil Deputy
and Deputy Tax Collector

## EXHIBIT NO. 6

## W. E. WAGGONNER
### SHERIFF AND EX-OFFICIO TAX COLLECTOR

For Bossier Parish
Telephone 965–2203
Benton, Louisiana 71006
October 22, 1970

Mr. Jack McBride
P. M. B. 84966–132
Leavenworth, Kansas 66048

Dear Mr. McBride:

In reply to your letter dated September 29, 1970, I am enclosing the following listed documents:

1. A copy of the Bossier Parish Sheriff's Department Daily Prisoner List, dated August 6, 1965, since Floyd Cumbey was incarcerated after the daily prisoner list had been typed on August 5, 1970.

b. The arresting officer was Chief Criminal Deputy Vol. S. Dooley, Jr.

2. A copy of the Bossier Parish Sheriff's Department Daily Prisoner List, dated December 12, 1967, which shows Floyd Cumbey released.

This department does not have any written order signed by Judge O. E. Price or District Attorney Louis H. Padgett, Jr., regarding the release or transfer of Floyd Cumbey, however, the Court instructed this department to release Floyd Cumbey.

I am returning your U. S. Treasury Check No. 97,369,649 in the amount of $10.00, as there is no charge for the copies I have furnished you.

Sincerely yours,

(s) W. E. Waggonner
W. E. Waggonner, Sheriff

WEW:ert
Enclosures

EXHIBIT NO. 6(b)

FOR BOSSIER PARISH, LOUISIANA

| Received in Jail | | | NAME | SENTENCE | Date of Discharge | | | DISPOSITION OF CASE |
|---|---|---|---|---|---|---|---|---|
| Mo. | Day | Yr. | | | Mo. | Day | Yr. | |
| May | 24 | 65 | Caughman, Gordon R. | 7-29-65 30 days | | | | |
| July | 29 | 65 | Caples, Sammy Lee | | 8 | 22 | 65 | Released time served |
| Aug | 2 | 65 | Collins, Johnnie R. | | 8 | 4 | 65 | Released to Juv. Officers |
| Aug | 2 | 65 | Crawford, Kenneth W. | 8-23-65 B F | | | | |
| Aug | 5 | 65 | Cumbey, Floyd Edward | | 12 | 12 | 67 | [ Released - W.E.W. [ Transferred to Angola- |
| Aug | 6 | 65 | Collins, Otha, Jr. | | 8 | 12 | 65 | |
| Aug | 19 | 65 | Carraway, Ronald K | 8-23-65 B F | | | | |
| Aug | 20 | ·65 | Collins, Johnny R. | | 8 | 20 | 65 | |
| * | * | * | * * | * * * | * | * | * | * * * |

* [A6083]

EXHIBIT NO. 7(a)

# CRIMINAL DOCKET

IN THE TWENTY-SIXTH DISTRICT COURT
BOSSIER PARISH, LOUISIANA

STOCK FORM CRIMINAL DOCKET

| | | ATTORNEY | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| STATE OF LOUISIANA vs. Donald Lee Yates | | | Murder | 10 | 12 | 1965 |

2/1/71 The application for writ of habeas corpus herein is granted. The sentences of the Court imposed under Docket Nos. 35,520 and 35,521 are recalled and vacated. The State of Louisiana is granted sufficient time in which to re-arraign and re-try the defendant. Defendant is in open Court. William B. Lynch's appointment to represent defendant is hereby recalled and Roland V. McKneely, Jr. is appointed to represent defendant. Defendant, represented by counsel, Roland V. McKneely, Jr. is formally arraigned and pleads guilty to a reduced charge of "manslaughter", which plea is accepted by the Court. The defendant is hereby sentenced by the Court to serve seventeen (17) years at hard labor, said sentence to commence from day of incarceration, February 22, 1967; sentence to run concurrently with the Federal sentence that the defendant is presently serving; the defendant to be released to the United States penal authorities and to serve his sentence at such federal prison as he may be sent to by the United States. It is further ordered, adjudged and decreed that in the event the defendant is paroled by the United States penal authorities, that any balance of the above imposed sentence be suspended as of the date of such United States parole. Judgment is signed and filed.

440

EXHIBIT NO. 7(b)

# CRIMINAL DOCKET

IN THE TWE[...]XTH DISTRICT COURT
BOSSIER PARISH, LOUISIANA

STOCK FORM CRIMINAL DOCKET

| | NUMBER OF CASE | STATE OF LOUISIANA | ATTORNEY | OFFENSE | DATE OF FILING Month | Day | |
|---|---|---|---|---|---|---|---|
| | | vs. Donald Lee Yates | | Murder | 10 | 12 | 1965 |

**DATE OF ORDERS**

2/1/71 — The application for writ of habeas corpus herein is granted. The sentences of the Court, imposed under Docket Nos. 35,520 and 35,521 are recalled and vacated. The State of Louisiana is granted sufficient time in which to re-arraign and re-try the defendant. Defendant is in open Court. William B. Lynch's appointment to represent defendant is here by recalled and Roland V. McKneely, Jr. is appointed to represent defendant. Defendant, represented by counsel, Roland V. McKneely, Jr. is formally arraigned and pleads guilty to a reduced charge of "manslaughter", which plea is accepted by the Court. The defendant is hereby sentenced by the Court to serve seventeen (17) years at hard labor, said sentence to commence from day of incarceration, February 22, 1967; sentence to run concurrently with sentence imposed in No. 35,520 and with the Federal sentence that the defendant is presently serving; the defendant to be released to the United States penal authorities and is to serve his sentence at such federal prison as he may be sent to by the United States. It is further ordered, adjudged and decreed that in the event the defendant is paroled by the United States penal authorities, that any balance of the above imposed sentence be suspended as of the date of such United States parole. Judgment is signed and filed.

LA60853

EXHIBIT NO. 8

### WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT, LOUISIANA

DONALD LEE YATES,
 Petitioner pro se. February 1, 1971.
versus

C. MURRAY HENDERSON, Warden et al
 Respondent Civil Action No. 15875–S

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

Feb 1–1971
ALTON L. CURTIS, CLERK
By T. W. Thompson
 Deputy

Motion to Withdraw Petition For Writ of
Habeas Corpus, without Prejudice

Your Petitioner, Donald Lee Yates, respectfully requests this Court to withdraw petition for writ of habeas corpus, entitled, Civil Action No. 15875, said petition having become mute by reason of State District Court relief to your petitioner. Also your petitioner respectfully requests petition be withdrawn without prejudice.

 Respectfully submitted

 Donald Lee Yates

 Petitioner pro se

I, Donald Lee Yates, do swear and aver the above is true and correct, on this the 1 day of February, 1971. Submitted from the Bossier Parish Jail, Benton, Louisiana.

 Respectfully

 Donald Lee Yates

 Pro se

 2–1–71
 Motion granted
 and this suit is
 dismissed.
 Ben C. Dawkins, Jr.
 Chief Judge

ORDER DIRECTING THAT RECORD BE SUPPLEMENTED BY ADDING THE FOLLOWING EXHIBITS TO CERTIFIED COPIES OF DOCUMENTS ATTACHED TO ORDER OF JUNE 2, 1972

Since entry of our Order of June 2, 1972, we have obtained from the Clerk of Court, Twenty-Sixth Judicial District, Bossier Parish, Louisiana, the following certified copies of documents pertaining to this habeas case, which should be appended as exhibits to that Order to complete the record upon which our Order was based:

EXHIBITS A and A-1: Minutes of Court, dated April 25, 1967, showing Cumbey pleaded guilty to murder without capital punishment, on the day after Favor's trial began, while the jury which tried him was being selected. (See Exhibit C.)

This also shows that on December 11, 1967, some four months after Favor's conviction, Cumbey was allowed to withdraw his plea of guilty, with no reason being given; and on the same day pleaded guilty to two counts of manslaughter, receiving two 21-year sentences. (See Exhibits Nos. 3(a) and 3(b), appended to our Order of June 2, 1972.) On the next day, December 12, 1967, Cumbey was released, without serving a day of any of his sentences. It is common knowledge that two days later he murdered two women in Tulsa, was later convicted, and now is serving a life sentence in the Oklahoma Penitentiary. See also Exhibit No. 5—Memorandum from Records Clerk, Louisiana State Penitentiary; Exhibit No. 6—Letter from W. E. Waggonner, Sheriff, dated October 22, 1970; Exhibit No. 6-B—Bossier Parish Jail Day Book—showing original entry under date of "12-12-67," originally reading "Transferred to Angola," being stricken through, the word "Released— W. E. W.," being the Sheriff's initials, being written thereon above the entry stricken. This also is referred to at Page 426, and Footnote 2 on Page 427, of our Order of June 2, 1972, wherein we stated " . . . but the jury in convicting

Favor was told he, Cumbey, would serve a life term in the penitentiary", citing five places in the State Court trial transcript; Exhibits B and B-1, Minutes of the Court showing Cumbey as having pleaded guilty to two counts of manslaughter, on December 11, 1967, and receiving two 21-year sentences. See, also, Exhibits Nos. 4-A and 4-B, being written judgments of sentence, signed by Judge O. E. Price, on December 11, 1967;

EXHIBIT C—Minutes of Court in murder trial of Favor;

EXHIBITS D and D-1—Minutes showing Donald Lee Yates, charged on two counts of murder, on 11-27-67, withdrew his plea of not guilty in both cases, being sentenced to life in the Louisiana State Penitentiary on November 29, 1967.

These exhibits further show that on February 1, 1971, after Yates had filed a second petition for habeas corpus in the State District Court, upon this Court's direction, in which we also ordered an evidentiary hearing, the State District Judge entered an order reading, "The writ of habeas corpus herein is granted. The sentences of the Court, imposed under Docket Nos. 35,520 and 35,521 are recalled and vacated." No evidentiary hearing was held.

As noted at Pages 426 and 427 of our Order of June 2, 1972, Yates then received two sentences of 17 years each, to run concurrently, and concurrently with a federal sentence of 20 years for bank robbery which began in 1964; and, as stated in our June 2 Order, the State Judge provided, "In the event Yates is paroled by Federal authorities, the remainder of his State sentences are to be suspended." See, also, in this connection, Exhibits 7-A and 7-B, appended to our Order of June 2, 1972.

EXHIBIT E—Suit by former District Judge O. E. Price, No. 51650, Twenty-Sixth Judicial District Court, moving to recuse Charles A. Marvin as advisor to the Grand Jury, filed on June 13, 1972 (the Grand Jury having convened itself,

pursuant to State law). See Exhibit H, Page 463, Hearing on Motion to Recuse Conducted by Judge Enos C. McClendon, Jr., on June 19, 1972, wherein, at page 465 thereof, Judge McClendon ordered the Grand Jury not to investigate the *Favor* case. Exhibits F and F–1 are exceptions filed by Mr. Marvin in this suit; and Exhibit G is his Answer to the Motion.

Although not shown by the record, Judge McClendon then recused himself in the case and designated Judge Frank M. Dougherty, of the Third Judicial District Court, Claiborne Parish, Louisiana, adjacent to Bossier Parish, as judge ad hoc, to conduct a hearing. Exhibit I is the transcript of the hearing conducted by Judge Dougherty, June 22, 1972, in which he recused Mr. Marvin and upheld Judge McClendon's order that the Grand Jury should not consider the *Favor* case.

EXHIBIT J—Order signed by Judge Dougherty under date of June 21, 1972, in which he ". . . ordered that Charles A. Marvin, District Attorney, be and is hereby recused in these proceedings or in any proceedings arising out of the trial, conviction or sentencing of one Jack Favor and the release of Floyd Cumbey."

EXHIBIT K—This is a notice filed by Mr. Marvin, addressed to Judge Dougherty, as Judge ad hoc, after the Judge's ruling, giving notice of Mr. Marvin's intention to apply to the Louisiana Supreme Court for writs of certiorari, probition, and mandamus. He allowed Mr. Marvin until June 23, 1972, to file this application, which was done.

EXHIBIT L—This is the order of the Louisiana Supreme Court dated June 23, 1972, in which Mr. Marvin's application for the writs was granted on the recusation motion.

EXHIBIT M—is a grand jury indictment returned on July 25, 1972, against Judge O. E. Price, charging him with perjury in his testimony before the Grand Jury. This indictment presently is pending, the defendant having not yet been arraigned.

EXHIBIT N—is an indictment against Judge Louis H. Padgett, Jr., returned by the Grand Jury July 25, 1972, also charging him with perjury committed before the Grand Jury. This indictment presently is pending, the defendant having not yet been arraigned.

As noted at Page 425 of our Order of May 16, 1972, in 1967, when Favor was tried, convicted and sentenced; when Yates pleaded as above stated; and when Cumbey, after pleading guilty to murder without capital punishment, on the day after Favor's trial began, received a life sentence; was allowed to withdraw his two pleas on November 11, 1967, with no reasons being given, and receiving two sentences of 21 years each for manslaughter, and having been released the next day, December 12, 1967—Louis E. Padgett, Jr., then was the District Attorney for the Twenty-Sixth Judicial District Court of Louisiana, Bossier Parish, and Judge O. E. Price then was the District Judge handling these cases.

Moreover, it is necessary that we correct the title page of our Order of June 2, 1972, wherein we showed John T. Campbell as one of the attorneys for Favor in this habeas proceeding. However, as brought out in Mr. Marvin's answer to Judge Price's motion, we were mistaken in that; Mr. Campbell did serve as one of Favor's attorneys in the State Court habeas corpus proceeding, but he had not served as such since January 1, 1972.

It is ordered that the Clerk of this Court file this Order in the record of this case and forward the Order and its Exhibits to the Clerk of the United States Court of Appeals for the Fifth Circuit, to supplement the record therein; and to send copies to all counsel of record, including Mr. Marvin.

STOCK FORM CRIMINAL DOCKET

EXHIBIT A

# CRIMINAL DOCKET

No. 35,512

IN THE TWENTY-SIXTH DISTRICT COURT
BOSSIER PARISH, LOUISIANA

| Number of Case | STATE OF LOUISIANA vs. Floyd Edward Cumbey | ATTORNEY | OFFENSE | DATE OF FILING Month | Day | Year |
|---|---|---|---|---|---|---|
| | | | Murder | 10 | 12 | 1965 |

| Date of Orders | |
|---|---|
| 4/25/67 | Defendant is in open Court. The case is called for arraignment. The rights of defendant are explained to him by the Court. Defendant waives the service of an attorney and formal arraignment, and pleads "guilty as charged without capital punishment", which plea is accepted by the State. The defendant is remanded for sentence. |
| 12/11/67 | Defendant is in open Court and withdraws his plea of guilty. |

IA44931

STOCK FORM CRIMINAL DOCKET

EXHIBIT A-1

# CRIMINAL DOCKET

NO. 35,513
IN THE TWENTY-SIXTH DISTRICT COURT
BOSSIER PARISH, LOUISIANA

| NUMBER OF CASE | STATE OF LOUISIANA | ATTORNEY | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| | vs. | | | | | |
| | Floyd Edward Cumbey | | Murder | 10 | 12 | 1965 |

| DATE OF ORDERS | |
|---|---|
| 4/25/67 | Defendant is in open Court. The case is called for arraignment. The rights of defendant are explained to him by the Court. Defendant waives the service of an attorney and formal arraignment', and pleads "guilty as charged without capital punishment", which plea is accepted by the State. The defendant is remanded for sentence. |
| 12/11/67 | Defendant is in open Court and withdraws his plea of guilty. |

CA54543

EXHIBIT C

# CRIMINAL DOCKET

NO. 35,523
IN THE TWENTY-SIXTH DISTRICT COURT
BOSSIER PARISH, LOUISIANA

STOCK FORM CRIMINAL DOCKET

| Number of Case | State of Louisiana | Attorney | Offense | Month | Day | Year |
|---|---|---|---|---|---|---|
| | Jack Favor | vs. | Murder | 10 | 12 | 1965 |

**Date or Order**

| | |
|---|---|
| 3/20/67 | Defendant is in open Court. Joe T. Cawthorn is enrolled as counsel to represent the defendant. The defendant is formally arraigned by the Clerk and he enters a plea of not guilty. Counsel is granted until April 12, 1967 to file any motions or pleadings. By agreement of counsel, Case No. 35522 and No. 35523 are consolidated for the purpose of trial. The case is set for trial on April 24, 1967. |
| 4/17/67 | Motion for a bill of particulars is argued and is taken under advisement of the court. Motion to grant defendant right to interrogate members of the Grand Jury and motion for oyer and an order to produce are argued and and are overruled. Defendant reserves a bill of exception to each of these motions. |
| 4/17/67 | It is ruled by the Court that the State has furnished all necessary information. Motion for a bill of particulars is overruled. The ruling to this motion is objected to by counsel for defendant. |
| 4/24/67 | Case is called for trial. Defendant is in open Court and is represented by counsel, Joe T. Cawthorn. J. B. Wells is enrolled as Assistant Counsel for defendant. Both state and defense announce ready for trial. A request is made by defendant and his counsel according to Article 801 of the Code of Criminal Procedure that the Court shall reduce his charge to writing prior to swearing of any (over) |

State of Louisiana
Vs. No. 35,523

| DATE OF ORDERS | ORDERS OF COURT |
|---|---|
| | witness at the trial on the merits and that a copy of same shall be furnished defendant and his counsel, The Court ordered the Clerk to draw the names of 100 tales jurors from the general venire box to serve as jurors in this case and the Sheriff was ordered to summon the same. A Jury of twelve was ordered by the Court to try the issues in this case. The following jurors were selected and sworn by the Clerk before the hour of adjournment: Ernest Covington, B. T. Kelly, W. L. Britnell, Bruce Logan, Fred K. Dickey, Lee Dunaway, Jr., and W. E. Davidson, Jr. The case is continued until tomorrow morning, Tuesday, April 25, 1967 at 9:00 A.M. |
| 4/25/67 | The trial of the case is resumed. Maxwell Allen was selected and sworn by the Clerk from the regular venire. The following jurors were selected and sworn by the Clerk from the tales jury venire: Messrs. Cedric Thornton, Jacob D. Murff, Jerry Booker and Melvin Cox. Joseph T. Johnson was selected to serve as alternate juror. The case is continued until tomorrow morning, Wednesday, April 26, 1967 at 9:00 A.M. |
| 4/26/67 | The trial of the case is resumed. The case is put to the Jury by the Clerk. The opening statement for the State made by L. H. Padgett, Jr., District Attorney. Opening statements for defendant were made by J. B. Wells and Joe T. Cawthorn. The trial of the cas is proceeded with until the hour of adjournment and is continued until tomorrow morning, Thursday, April 27, 1967 at 9:00 A.M. |
| 4/27/67 | The trial of the case is resumed. Due to illness of Juror Fred K. Dickey, he is excused by the Court and alternate Juror, Joseph T. Johnson is ordered to take his place as a regular Juror in this case. The trial of the case is proceeded with until the hour of adjournment and continued until tomorrow morning, Friday, April 28, 1967 at 9:00 A.M. |

(continued on page 2)

EA64560

# CRIMINAL DOCKET

STOCK FORM CRIMINAL DOCKET

No. 35,523 (PAGE 2)
IN THE TWENTY-SIXTH DISTRICT COURT
BOSSIER PARISH, LOUISIANA

| NUMBER OF CASE | STATE OF LOUISIANA | ATTORNEY | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| | vs. | | | | | |
| | Jack Favor | | Murder | | | |

| DATE OF ORDERS | |
|---|---|
| | **continued |
| 4/28/67 | The trial of the case is resumed, and is proceeded with until the conclusion of the evidence. Argument is made for the State by Louis H. Padgett, Jr., District Attorney, and argument for the defendant is made by J. B. Wells and Joe T. Cawthorn. Rebuttal argument is made by the District Attorney. After being charged by the Court, the Jury retired to their room to deliberate upon their verdict. The Jury being unable to reach a verdict, were retired for the night and the case is continued until tomorrow morning, Saturday, April 29, 1967 at 9:00 A.M. |
| 4/29/67 | The trial of the case is resumed. The Jury returned to the Court room in the presence of the accused with the following verdict "We the Jury, find the accused, Jack Favor, guilty as charged without capital punishment. Signed- Jack D. Murphy, Foreman, Petit Jury. On request of counsel for defendant the jury was polled. / The Court ordered the verdict recorded and remanded the defendant for sentence on May 22, 1967. |
| 5/22/67 | Defendant is represented by Joe T. Cawthorn and J. B. Wells. A written motion for a new trial is filed. The transcript of the evidence of the State's rebuttal witness is to be attached to the motion. Defense is given 10 days after the entire evidence is transcribed in which to perfect any bill of exception asked for during the trial. The motion for a new trial is set for June 5, 1967 and defendant is remanded for sentence June 5, 1967. (OVER) |

State of Louisiana
Vs. No. 35,523

| Date of Orders | Orders of Court |
|---|---|
| 6/5/67 | Counsel for defendant moves for a continuance on the argument of the motion to set aside the verdict of the jury and the motion for a new trial and the court takes the motion under advisement. |
| 6/9/67 | Defendant is in open Court and is represented by counsel, Joe T. Cawthorne and J. B. Wells. The motion for a continuance for argument for a new trial is overruled, to which ruling, the defendant reserved a bill of exception. The motion for a new trial is argued and is overruled, to which ruling the defendant reserved a bill of exception. Defendant is remanded for sentence June 19, 1967. |
| 6/19/67 | Defendant in open Court is duly and legally sentenced, by the Court to serve the remainder of his natural life in the Louisiana State Penitentiary. Judgment is signed and filed. |
| 10/18/71 | The Court having considered the petition of Jack Favor herein, praying for the issuance of a writ of habeas corpus, and being of the opinion that the petitioner is not entitled to be set at liberty for the reason that the original conviction and sentence were legally imposed, it is therefore: ordered, adjudged and decreed that the request of Jack Favor for a writ of habeas corpus herein, be and the same is denied. |
| 10/21/71 | On oral motion of counsel for defendant, notice is given of his intention to apply to Supreme Court of Louisiana for supervisory writs, on Judge Enos C. McClendon's ruling, dated October 13, 1971, on application for habeas corpus, which was denied. |

LA4583

EXHIBIT D

# CRIMINAL DOCKET

STOCK FORM CRIMINAL DOCKET

NO. 35,521
IN THE TWENTY-SIXTH DISTRICT COURT
BOSSIER PARISH, LOUISIANA

| STATE OF LOUISIANA vs. Donald Lee Yates | ATTORNEY | OFFENSE | DATE OF FILING Month | Day | Year |
|---|---|---|---|---|---|
| | | Murder | 10 | 12 | 1965 |

| DATE OF ORDERS | |
|---|---|
| 5/2/67 | Defendant in open Court has his rights explained. J. L. Thomas, Jr. is appointed by the Court to represent defendant. Defendant is formally arraigned by the Court and he enters a plea of not guilty. Louis Lyons is appointed by the Court to assist counsel for defendant. Defendant is given 30 days in which to file any motions. Case is set for trial on June 26, 1967. |
| 6/19/67 | Defendant is in open Court and is represented by counsel, J. L. Thomas, Jr., Rogers M. Prestridges and Louis Lyons. The motion for a bill of particulars is deemed to be satisfied. The subpoena duces tecum is argued and the defendant is granted the right to examine the testimony in the Jack Favor Cases, No. 35522 and 35523. The defendant is denied the right to any statements given by Jack Favor. The exception of venue is called. Evidence is adduced and the exception is argued and is taken under advisement of the Court. |
| 8/21/67 | Defendant's presence in court is waived and he is represented by counsel, Rogers Prestridge. Motion for change of venue is overruled. |
| 9/25/67 | Defendant is represented by counsel Rogers M. Prestridge. Case is set for trial November 27, 1967. Bill of exception is reserved to the ruling on change of venue. (over) |

£A64591

State of Louisiana
Vs. No. 35521

| DATE OF ORDERS | ORDERS OF COURT |
|---|---|
| 11/6/67 | Motion for amended bill of particulars is argued and is overruled. Motion to subpoena witnesses outside of Bossier Parish, Louisiana, is filed and is allowed. The writ of habeas corpus is tried and all matters in the writ are overruled except the right of defendant to have private consultations in a private place with his attorneys. |
| 11/17/67 | Motion and order for writ of habeas corpus ad testificandum is made by counsel for defendant and the motion is denied. A bill of exception is reserved to the court's ruling. |
| 11/20/67 | Case is set for trial on November 27, 1967. Defendant is in open Court and is represented by counsel, Thomas & Prestridge. Motion for Frank Lanning, an out of state witness is denied. A bill is reserved to the ruling of the Court. Motion to quash is denied and a bill is reserved to the ruling of the Court. By agreement of counsel, Cases No. 35520 and 35521 are consolidated for the purpose of trial. It is stipulated that the preemptory challenges shall be limited to twelve (12) on each side. |
| 1/27/67 | Defendant in open Court and assisted by counsel of J. L. Thomas, Jr. and Rogers M. Prestridge withdraws his plea of not guilty and enters a plea of guilty as charged without capitol punishment. The state accepts the plea Defendant is remanded for sentence on November 29, 1967. |
| 11/29/67 | Defendant is in open Court and represented by counsel, is duly and legally sentenced by the Court to serve the the rest of his natural life in the Louisiana State Penitentiary. The time he may serve in a Federal Institution shall apply in so far as the minimum period of time is necessary for him to serve before being eligible for commutation of sentence. See decree. Judgment is signed and filed. |

(SEE NEXT PAGE)

LA64603

STOCK FORM CRIMINAL DOCKET

## CRIMINAL DOCKET

NO. 35,521
IN THE TWENTY-SIXTH DISTRICT COURT
BOSSIER PARISH, LOUISIANA

| NUMBER OF CASE | STATE OF LOUISIANA | ATTORNEY | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| | vs.<br><br>Donald Lee Yates | | Murder | 10 | 12 | 1965 |

| DATE OF ORDERS | |
|---|---|
| 5/22/70 | The Court having considered the petition of Donald Lee Yates filed herein, praying for the issuance of a writ of habeas corpus, and being of the opinion that the petitioner is not entitled to be set at liberty for the reason that the original conviction and sentence were legally imposed, it is therefore: ordered, adjudged and decreed that the request of Donald Lee Yates for a writ of habeas corpus herein, be and the same is denied. |
| 10/12/70 | John Benton, Assistant District Attorney and Donald Lee Yates, defendant, are present in Court. The Court appoints William B. Lynch to represent defendant. Lynch is present in Court. Yates objects to the appointment. Counsel for defendant reserves a bill of exception on the ruling of the appointment. Defense counsel requests a copy of transcript and copy of evidentiary hearing. Hearing is set for October 19, 1970 at 2:30 P. M. Defense counsel requests an additional week in order that certain witnesses can be present. The Court advises that it will contact Judge Dawkins to get a continuance.<br><br>(OVER) |

CA64611

State of Louisiana
Vs. No. 35,521

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| 10/13/70 | Considering the objection made by defendant and counsel at the time of fixing for trial of evidentiary hearing for October 19, 1970 at 2:30 P. M., that it does not give adequate time to prepare and there being no other available date in the month of October, the Court contacted Judge Ben Dawkins, U. S. Federal District Court, and with his approval now upsets the fixing of the hearing on October 19, 1970 at 2:30 P. M. and refixes the hearing for November 2, 1970 at 2:00 P. M. |
| 11/2/70 | Evidentiary hearing is held and is submitted on briefs. State is given 10 days in which to file brief. |
| 12/14/70 | Counsel for defendant files oral motion for a further hearing. Court refuses to fix a date at this time. |
| 2/1/71 | The application for writ of habeas corpus herein is granted. The sentences of the Court, imposed under Docket Nos. 35,520 and 35,521 are recalled and vacated. The State of Louisiana is granted sufficient time in which to re-arraign and re-try the defendant. Defendant is in open Court. William B. Lynch's appointment to represent defendant is here-by recalled and Roland V. McKneely, Jr. is appointed to represent defendant. Defendant, represented by counsel, Roland V. McKneely, Jr. is formally arraigned and pleads guilty to a reduced charge of "manslaughter", which plea is accepted by the Court. The defendant is hereby sentenced by the Court to serve seventeen (17) years at hard labor, said sentence to commence from day of incarceration, February 22, 1967; sentence to run concurrently with sentence imposed in No. 35,520 and with the Federal sentence that the defendant is presently serving; the defendant to be released to the United States penal authorities and he is to serve his sentence at such federal prison as he may be sent to by the United States. It is further ordered, adjudged and decreed that in the event the defendant is paroled by the United States penal authorities, that any balance of the above imposed sentence be suspended as of the date of such United States parole. Judgment is signed and filed. |

454

# CRIMINAL DOCKET

STOCK FORM CRIMINAL DOCKET

NO. 35,520
IN THE TWENTY-SIXTH DISTRICT COURT
BOSSIER PARISH, LOUISIANA

| STATE OF LOUISIANA | ATTORNEY | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|
| | | | Month | Day | Year |
| vs.<br><br>Donald Lee Yates | | Murder | 10 | 12 | 1965 |

| Number of Case<br>Date of Orders | |
|---|---|
| 5/2/67 | Defendant in open Court has his rights explained. J. L. Thomas, Jr. is appointed by the Court to represent defendant. Defendant is formally arraigned by the Court and he enters a plea of not guilty. Louis Lyons is appointed by the Court to assist counsel for defendant. Defendant is given 30 days in which to file any motions. Case is set for trial on June 26, 1967. |
| 6/19/67 | Defendant is in open Court and is represented by counsel, J. L. Thomas, Jr., Rogers M. Prestridges and Louis Lyons. The motion for a bill of particulars is deemed to be satisfied. The subpoena duces tecum is argued and the defendant is granted the right to examine the testimony in the Jack Favor Cases, No. 35,523 and 35,522. The defendant is denied the right to any statements given by Jack Favor. The exception of venue is called. Evidence is adduced and the exception is argued and is taken under advisement of the Court. |
| 8/21/67 | Defendant's presence is waived and is represented by counsel, Rogers Prestridge. Motion for change of venue is overruled. |
| 9/25/67 | Defendant is represented by counsel, Rogers M. Prestridge. Case is set for trial November 27, 1967. Bill of exception is reserved to the ruling on change of venue.<br>(over) |

IA64633

State of Louisiana
Vs. No. 35,520

| Date of Orders | ORDERS OF COURT |
|---|---|
| 11/6/67 | Motion for amended bill of particulars is argued and is overruled. Motion to subpoena witnesses outside of Bossier Parish, Louisiana, is filed and is allowed. The writ of habeas corpus is tried and all matters in the writ are overruled except the right of defendant to have private consultations in a private place with his attorneys. Motion and order for writ of habeas corpus ad testificandum is made by counsel for defendant and the motion is denied. A bill of exception is reserved to the court's ruling. |
| 11/17/67 | Defendant is in open Court and is represented by counsel, Thomas & Prestridge. Motion to quash is denied and a bill is reserved to the ruling of the Court. By agreement of counsel, Cases No. 35520 and 35521 are consolidated for the purpose of trial. It is stipulated that the preemptory chalenges shall be limited to twelve (12) on each side. |
| 11/20/67 | Defendant in open Court and assisted by counsel of J. L. Thomas, Jr. and Rogers M. Prestridge withdraws his plea of not guilty and enters a plea of guilty as charged without capitol punishment. The state accepts the plea. Defendant is remanded for sentence on November 29, 1967. |
| 11/27/67 | Defendant is in open Court and represented by counsel, is duly and legally sentenced by the Court to serve the rest of his natural life in the Louisiana State Penitentiary. The time he may serve in a Federal Institution shall apply in so far as the minimum period of time is necessary for him to serve before being eligible for commutation of sentence. See decree. Judgment is signed and filed. |
| 11/29/67 | |
| 5/22/70 | The Court having considered the petition of Donald Lee Yates, filed herein, praying for the issuance of a writ of habeas corpus, and being of the opinion that the petitioner is not entitled to be set at liberty for the reason that the original conviction and sentence were legally imposed, it is therefore: ordered, adjudged and decreed that the request of Donald Lee Yates for a writ of habeas corpus herein, be and the same is denied. |

LA65623

456

PAGE 2

STOCK FORM CRIMINAL DOCKET

# CRIMINAL DOCKET

NO. 35,520
IN THE TWENTY-SIXTH DISTRICT COURT
BOSSIER PARISH, LOUISIANA

| NUMBER OF CASE | ATTORNEY | OFFENSE | DATE OF FILING Month | Day | Year |
|---|---|---|---|---|---|
| STATE OF LOUISIANA vs. Donald Lee Yates | | Murder | 10 | 12 | 1965 |

| DATE OF ORDERS | |
|---|---|
| 10/12/70 | John Benton, Assistant District Attorney and Donald Lee Yates, defendant, are present in Court. The Court appoints William B. Lynch to represent defendant. Lynch is present in Court. Yates objects to the appointment. Counsel for defendant reserves a bill of exception on the ruling of the appointment. Defense counsel requests a copy of transcript and copy of evidentiary hearing. Hearing is set for October 19, 1970 at 2:30 P. M. Defense counsel requests an additional week in order that certain witnesses can be present at hearing. The Court advises that it will contact Judge Dawkins to get a continuance. |
| 10/13/70 | Considering the objection made by defendant and counsel at the time of fixing for trial of evidentiary hearing for October 19, 1970 at 2:30 P. M., that it does not give adequate time to prepare and there being no other available date in the month of October, the Court contacted Judge Ben Dawkins, U. S. Federal District Court, and with his approval now upsets the fixing of the hearing on October 19, 1970 at 2:30 P. M. and refixes the hearing for November 2, 1970 at 2:00 P. M.

(OVER) |

State of Louisiana

Vs. No. 35,520

## ORDERS OF COURT

| Date of Orders | |
|---|---|
| 11/2/70 | Evidentiary hearing is held and is submitted on briefs. State is given 10 days in which to file brief. |
| 12/14/70 | Counsel for defendant files oral motion for a further hearing. Court refuses to fix a date at this time. |
| 2/1/71 | The application for writ of habeas corpus herein is granted. The sentences of the Court imposed under Docket Nos. 35,520 and 35,521 are recalled and vacated. The State of Louisiana is granted sufficient time in which to re-arraign and re-try the defendant. Defendant is in open Court. William B. Lynch's appointment to represent defendant is hereby recalled and Roland V. McKneely, Jr. is appointed to represent defendant. Defendant, represented by counsel, Roland V. McKneely, Jr. is formally arraigned and pleads guilty to a reduced charge of "manslaughter", which plea is accepted by the Court. The defendant is hereby sentenced by the Court to serve seventeen (17) years at hard labor, said sentence to commence from day of incarceration, February 22, 1967; sentence to run concurrently with the Federal sentence that the defendant is presently serving; the defendant to be released to the United States penal authorities and to serve his sentence at such federal prison as he may be sent to by the United States. It is further ordered, adjudged and decreed that in the event the defendant is paroled by the United States penal authorities, that any balance of the above imposed sentence be suspended as of the date of such United States parole. Judgment is signed and filed. |

A TRUE COPY ATTEST

CLERK

458

## EXHIBIT E

In re: O. E. Price
vs
Charles A. Marvin,
District Attorney

Number: 51650
26th Judicial District Court
Bossier Parish, Louisiana

## MOTION TO RECUSE
## AND FOR STAY

The motion of O. E. PRICE, a resident and domiciliary of Bossier Parish, Louisiana, respectfully represents:

1.

Mover has been subpoenaed to appear before the Grand Jury presently serving for Bossier Parish, Louisiana, at 1:00 P.M., 13 June 1972.

2.

Mover is informed, believes and therefore alleges that the said Grand Jury is planning an investigation in some way related to or arising out of the trial of Jack G. Favor, which trial was held in Bossier Parish, Louisiana, with Mover as Presiding Judge, in April 1967.

3.

Jack G. Favor was indicted for two murders, was tried, convicted and sentenced to life imprisonment and is currently incarcerated at Angola Penitentiary. The said proceedings were entitled "State of Louisiana vs. Jack G. Favor", bearing numbers 35,522 and 35,523 on the docket of the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana.

4.

Subsequent to his conviction and sentence Jack G. Favor filed an application for Habeas Corpus in the above identified proceedings. The proceedings were filed by Jack G. Favor in proper person, however, shortly thereafter J. B. Wells, Esq., of Bossier Parish and John T. Campbell, Esq., of Webster Parish, enrolled as counsel for Jack G. Favor. The application was denied by the Honorable Enos C. McClendon, Jr., on 13 October 1971. Writs were applied for to the Louisiana Supreme Court in proceedings entitled "State of Louisiana, ex rel Jack G. Favor v. C. Murray Henderson, Warden, Louisiana State Penitentiary", No. 52,122 on the docket of said court and same were refused on 3 February 1972.

5.

Mover shows that thereafter, on 22 February 1972, Jack G. Favor filed an application for writ of Habeas Corpus in the United States District Court for the Western District of Louisiana in proceedings entitled "Jack G. Favor, P. M. B. 65386 versus C. Murray Henderson, Warden, Louisiana State Penitentiary", bearing No. Civil Action 17,628 on the docket of said Court. This writ was granted and Jack G. Favor was ordered released from custody subject to the right of the State of Louisiana to re-try the defendant within 30 days of 2 June 1972 in the Tenth Judicial District Court, Natchitoches Parish, Louisiana. That matter is presently pending.

6.

Appearing as counsel of record on said federal writ application were James B. Wells and John T. Campbell of the firm of Campbell, Campbell, Marvin and Johnson of Minden, Louisiana.

7.

Mover shows that the Marvin in the firm of Campbell, Campbell, Marvin and Johnson is Charles A. Marvin, District Attorney for the Twenty-Sixth Judicial District, composed of Bossier and Webster Parishes. Charles A. Marvin was elected District Attorney subsequent to the application for writ of Habeas Corpus filed in the State Court as set forth herein and before the filing of the writ of Habeas Corpus now before the Federal Court. Charles A. Marvin is and was a member of the said firm at all times mentioned herein. He is also the son-in-law of John T. Campbell of said firm.

8.

In the identified Federal Court proceeding, the Honorable Ben C. Dawkins, Jr., Chief Judge, concluded that any

further proceedings in State Court should not be held before the Twenty-Sixth Judicial District Court and should not be handled by District Attorney Charles A. Marvin.

9.

Mover shows that Charles A. Marvin, is, by law, the legal advisor for any Grand Jury impaneled within his jurisdiction in Bossier and Webster Parishes.

10.

Mover shows that the specific purpose and primary motive of the applications for writs of Habeas Corpus in both the State and Federal Courts is the release of Jack G. Favor who has been convicted of two murders by a jury in Bossier Parish, Louisiana. Under these circumstances, it is imperative that any session of a Grand Jury directly or indirectly involving the Favor matter be conducted by and with the assistance of a legal advisor who is in no way connected personally or through his law firm, with that litigation.

11.

It was and is the responsibility of the attorneys representing Jack G. Favor on the writ applications to seek to secure the relief sought, i.e., his release from the penitentiary. At such time as he is tried again, as has been ordered by the Federal Court, it will be their responsibility to defend Favor, seeking an acquittal on the murder indictments. The conflict which would exist is apparent and compelling.

12.

Mover further shows that the Order rendered by Honorable Ben C. Dawkins, Jr., on 16 May 1972, noted that there was no filing in response to the application by Jack G. Favor other than a general denial filed by the Attorney General's office. Attorney General William J. Guste, Jr., had just taken office a few days prior thereto. There were no filings of pleadings or briefs or affidavits or evidence of any kind presented to the Federal Court to rebut the naked allegations in the Favor application. No apparent effort was made by the office of the Dis-

trict Attorney to assist the Attorney General in properly representing the interest of the State of Louisiana in opposition to the writ of Habeas Corpus filed by Jack G. Favor.

13.

Mover asserts that Charles A. Marvin is disqualified to act as District Attorney herein by virtue of the provisions of Code of Criminal Procedure Article 680 which provides:

"A district attorney shall be recused when he:

(1) Has a personal interest in the cause which is in conflict with fair and impartial administration of justice;

(2) Is related to the party accused or to the party injured, or to the spouse of the accused or party injured, to such an extent that it may appreciably influence him in the performance of the duties of his office; or

(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney."

14.

Mover further shows that Article 682 of the Code of Criminal Procedure mandates that upon recusation of the District Attorney the court shall appoint an attorney at law of that district, who has the qualifications of a District Attorney, other than the assistants to the recused District Attorney, to act in the place of the subject District Attorney during the time of the recusal.

15.

Mover shows that an Order should issue herein, staying any further proceedings by the Grand Jury of Bossier Parish, Louisiana, with reference to any matter related to the indictment, trial and conviction of Jack G. Favor, until this motion is finally disposed of, and subject to further orders of the Court, and continuing Mover's subpoena and the subpoena of any other witness called to appear before the Grand Jury on said matter subject to further orders of this court.

16.

Mover further shows that a contradictory hearing should be had herein with Charles A. Marvin, on this Motion to Recuse, at a time and place as fixed by this Court.

WHEREFORE, Mover prays that this Motion be deemed sufficient and allowed, that an Order be issued herein instanter, staying any further proceedings by the Grand Jury of Bossier Parish in any matter relating directly or indirectly to the indictment, trial and conviction of Jack G. Favor pending further orders of the Court finally disposing of the Motion to Recuse District Attorney Charles A. Marvin as legal advisor of the said Grand Jury in such instances, and continuing all subpoenas issued for appearances before said Grand Jury subject to further orders of the Court.

Mover further prays that a rule nisi issue herein to Charles A. Marvin, District Attorney for the Twenty-Sixth Judicial District, ordering him to show cause, if any he has or can, before this Court, at a time and place as fixed by the Court, why he should not be recused as District Attorney and legal advisor to the Grand Jury of Bossier Parish, Louisiana, in any and all proceedings, investigations or hearings it might conduct which relate directly or indirectly to the indictment, trial and conviction of Jack G. Favor, and why the Court should not appoint an ad hoc District Attorney, for that purpose.

BOOTH, LOCKARD, JACK, PLEASANT & LeSAGE

BY (s) Henry A. Politz
 Henry A. Politz

BY (s) H. F. Sockrider, Jr.
 H. F. Sockrider, Jr.

1004 Mid South Towers
P. O. Drawer 1092
Shreveport, Louisiana 71163
ATTORNEYS FOR MOVER

State of Louisiana ⎫
Parish of Caddo ⎬

BEFORE ME, the undersigned authority, personally came and appeared O. E. PRICE, who being first duly sworn, did depose and state:

That he is Mover in the foregoing Motion to Recuse; that he has read the same and all of the allegations of fact contained therein are true and correct to the best of his information, knowledge and belief.

(s) O. E. Price
 O. E. PRICE

ORDER

MOTION CONSIDERED:

IT IS HEREBY ORDERED that any and all proceedings, hearings or investigations by the Grand Jury of Bossier Parish, Lousiana, relating directly or indirectly to the indictment, trial and conviction of Jack G. Favor be and the same are stayed, subject to further orders of the Court, and all subpoenas issued for appearances before said Grand Jury are also continued subject to further orders of the Court.

IT IS FURTHER ORDERED that a rule nisi issue herein to Charles A. Marvin, District Attorney for the Twenty-Sixth Judicial District, ordering him to show cause, if any he has or can, before this Court at 9:30 o'clock, A.M., on the 21st day of June 1972, why he should not be recused as District Attorney and legal advisor to the Grand Jury of Bossier Parish, Louisiana, in any and all proceedings, investigations or hearings it may conduct which relate directly or indirectly to the indictment, trial and conviction of Jack G. Favor, and why a District Attorney ad hoc should not be appointed for that purpose.

THUS DONE AND SIGNED in Benton, Bossier Parish, Louisiana, on this 13th day of June 1972.

(s) Enos C. McClendon, Jr.
 DISTRICT JUDGE

EXHIBIT F

In Re: O. E. Price
versus
Charles A. Marvin,
District Attorney
Number 51650
26th Judicial District Court
Bossier Parish, Louisiana

## PREEMPTORY EXCEPTION
## NO CAUSE OF ACTION

COMES NOW, CHARLES A. MARVIN, District Attorney, who preemptorily excepts to Plaintiff's Motion as follows:

1.

Said Motion sets forth no cause of action against Exceptor in that the allegations do not comprise any of the three grounds upon which a district attorney shall be recused under Article 680, La. C.Cr.P.

2.

Mover, Honorable O. E. Price, alleges only that he was subpoenaed to appear before the said Grand Jury.

3.

Mover is not a "defendant" or "injured party", does not allege that he is, and does not allege he has employed or consulted Exceptor prior to Exceptor's election as District Attorney.

WHEREFORE EXCEPTOR PRAYS that this exception be sustained and the motion dismissed, at Mover's cost.

(s) C. A. Marvin
CHARLES A. MARVIN
District Attorney
26th Judicial District
Bossier Parish Courthouse
Benton, Louisiana

EXHIBIT F—1

In Re: O. E. Price
versus
Charles A. Marvin,
District Attorney
Number 51650
26th Judicial District Court
Bossier Parish, Louisiana

## PREEMPTORY EXCEPTION
## NO RIGHT OF ACTION

COMES NOW, CHARLES A. MARVIN, District Attorney, who preemptorily excepts to Plaintiff's Motion as follows:

Mover is without right of action for the following reasons:

1.

Mover alleges merely that he was subpoenaed to appear before the Grand Jury.

2.

Mover is not a defendant in any criminal action.

3.

The Grand Jury has not indicted Mover or anyone regarding any matter concerning Mover.

4.

Mover is seeking to recuse a district attorney from acting as a legal advisor to a Grand Jury and from assisting the Grand Jury in an *investigation* into the *possibility* of criminal acts or omissions by persons other than one Jack Favor with respect to the release of a convict under sentence, one Floyd Edward Cumbey, on December 12, 1967, after he was sentenced by Mover on December 11, 1967 to a total of 42 years in the state penitentiary.

5.

Mover does not show he is an "injured" person or that he is a defendant.

WHEREFORE EXCEPTOR PRAYS that this exception be sustained and the motion dismissed, at Mover's cost.

(s) C. A. Marvin
CHARLES A. MARVIN
DISTRICT ATTORNEY

## CERTIFICATE

I CERTIFY that a copy of the foregoing has been forwarded by United States Mail to Honorable O. E. Price, Judge, Second Circuit Court of Appeal, and to his attorneys, Booth, Lockard, Jack, Pleasant & LeSage.

This 21 day of June, 1972.

(s) C. A. Marvin
· CHARLES A. MARVIN
DISTRICT ATTORNEY
26TH JUDICIAL DISTRICT

## EXHIBIT G

| In Re: O. E. Price | Number 51650 |
|---|---|
| versus | 26th Judicial District Court |
| Charles A. Marvin, District Attorney | Bossier Parish, Louisiana |

### ANSWER OF RESPONDENT DISTRICT ATTORNEY

CHARLES A. MARVIN, District Attorney, reserving all rights under exceptions hereto filed and without abandoning said exceptions, hereby answers the Motion of Honorable O. E. Price as follows:

1.

Mover neither admits or denies this allegation on the grounds that the names of witnesses subpoenaed by a Grand Jury are legally secret and privileged information.

2.

Mover neither admits or denies this allegation on the grounds that the plans of the Grand Jury are legally secret and privileged information.

3.–5.

These articles are denied as written, as the Court records are the best evidence of what occurred in the case referred to.

6.

This article is denied as written. John T. Campbell has not appeared as counsel of record on the *federal* writ application as alleged. Mr. Campbell was a co-counsel with Attorney J. B. Wells on the *state* court habeas corpus application but withdrew before this District Attorney took office on January 1, 1972. He has not since appeared for or been counsel in any state or federal habeas corpus proceeding.

7.

Admitted.

8.

This article is denied as written, it being shown that the record of the case referred to is the best evidence of the Court's "conclusion".

9.

Admitted.

10.

Denied as written.

11.

Denied as written.

12.

Denied as written.

13.

Denied as written.

14.

Denied as written.

15.

Denied as written.

16.

Denied as written.

Wherefore Respondent prays that the Motion for recusation be denied and that the Grand Jury be allowed to proceed with its investigation.

(s) C. A. Marvin
CHARLES A. MARVIN
DISTRICT ATTORNEY
26TH JUDICIAL DISTRICT
BOSSIER PARISH COURT-
HOUSE
BENTON, LOUISIANA

### CERTIFICATE

I certify that a copy of the foregoing has been forwarded by United States Mail to Honorable O. E. Price, Judge, Second Circuit Court of Appeal, and to

his attorneys, Booth, Lockard, Jack, Pleasant & LeSage.

This 21 day of June, 1972.

(s) C. A. Marvin
CHARLES A. MARVIN

## EXHIBIT H

## EVIDENCE

In The Twenty-Sixth Judicial
District Court in and for
the Parish of Bossier
State of Louisiana

In Re: O. E. Price
versus No. 51,650
Charles A. Marvin,
District Attorney

Evidence adduced on the trial of the above entitled and numbered cause, before His Honor, Enos C. McClendon, Jr., Judge of the Twenty-Sixth Judicial District Court in and for Bossier Parish, Louisiana on the 13th day of June, 1972, at Benton, Louisiana.

APPEARANCES:

Henry A. Politz
Suite 1004, Mid South Towers
Shreveport, Louisiana

H. F. Sockrider, Jr.
Suite 1004, Mid South Towers
Shreveport, Louisiana
Counsels for Plaintiff

Charles A. Marvin
Minden
Louisiana
Counsel for Defendant

## FILINGS

MOTION TO RECUSE AND FOR STAY—Page 11

THE COURT: Gentlemen of the Grand Jury, I've asked you to come into open court, for the reason, that I have been informed that you have elected, under the law, to call yourself into session. And in connection with that call, you were to meet at one o'clock. We normally go back into session at one thirty. But because of the fact, I learned, you were to meet at one o'clock, I opened court at one and ask that you attend, for the purposes of hearing what I had to say, and because I had further been advised, that the motion was to be filed. I've been presented with the motion before court, and have examined it. I am advised by attorneys here, that they desire to file this motion in open court, and they may do so at this time, at which time I will give you further instructions.

MR. POLITZ: Your Honor, consistent with that, at this time, we wish to file this motion to recuse and for stay. I stand, prepared to explain the motion at Your Honor's directions.

THE COURT: You desire to make a statement, in connection with the filing at this time. Possibly would save some explanation on the Court's part. You are more familiar with it, I haven't seen it, only ten minutes ago.

MR. POLITZ: Your Honor, the motion is filed on behalf of O. E. Price, who has been subpoenaed to appear before this Grand Jury this afternoon at one P. M. together with a number of other people. We are informed that the purpose of this investigation, by the Grand Jury, in some way relates to the indictment, trial and conviction of Jack G. Favor. Jack Favor was tried before this court in April of 1967, with Judge O. E. Price presiding. He was indicted for two murders and was sentenced to life imprisonment and is now down at Angola. Subsequent to his conviction, Jack Favor applied for a writ of habeas corpus to this court, which was presented to this court, and considered by Your Honor, and in October of 1971, denied. The writ was submitted to the Louisiana Supreme Court in February, 1972. That writ was denied. Subsequent to the denial by the Louisiana Supreme Court, Jack Favor filed an application for writ of habeas corpus, in the United States District Court for the Western District of Louisiana, in which he asked for a release from custody. After the initial decision by the court, and action by the Louisiana Supreme Court thereon, the Federal District

Court in Shreveport granted the writ, ordered him released from custody, subject to the right of the Court of the State Court, to retry him, within thirty days of June the 2nd. That thirty day period is now running. The retrial, in accordance with the order of the Federal District Court, is to take place in Natchitoches Parish. As I noted, that matter is still pending. Appearing as counsel of record in the Federal Court application, were James B. Wells, an attorney in Bossier City, and Mr. John T. Campbell, of the firm of Campbell, Campbell, Marvin and Johnson of Minden. The firm of Campbell, Campbell, Marvin and Johnson is composed of the gentlemen named, and the Marvin in the firm name, is the Honorable Charles A. Marvin, District Attorney for the Twenty-Sixth Judicial District. Mr. Marvin was elected District Attorney in between the filing in the State Court, of the writ by Favor, and prior to the filing in Federal Court, of the writ by Favor. In addition to being a member of the firm, representing Favor in that action, he is the son-in-law of the lead counsel, Mr. John T. Campbell, of that firm. In his order, Judge Dawkins, concluded that the retrial of Favor should not be had before this court, the Twenty-Sixth Judicial District Court, and he further concluded that it should not be handled by the District Attorney for this district, Mr. Marvin. By law, Mr. Marvin is the legal advisor to the Grand Jury. Necessarily follows, that the specific reason for the applications of writs of habeas corpus, in both the State and Federal Court, is the release from custody of Jack Favor, who has been convicted in this court of the two murders. This opposition, as we so submit to the court, that it is imperative that any session of the Grand Jury, which in any way, directly or indirectly, involves the Favor matter, should be had with, and by, the assistance of a legal advisor, who is in no way connected personally or through his firm, with the litigation on which as preceded the present term involving Jack Favor. It's the responsibility of the attorney, who files the writ to seek the release

from the penitentiary. It will be the responsibility of the defense counsel, on the retrial, at such time as it's had, to defend Favor, and to seek to, an acquittal, to the extent, that they can, within the law and their responsibility as trial counsel. The conflict, which would appear, is apparent to us and is compelling. We note that the provision of the Code of Criminal Procedure provide for the recusation of a District Attorney, in sudden situations as listed in Article 680. We have cited Article 680 to you, and quoted it in the motion. A further note for the Court, that under the provisions of Article 682, of the Code of Criminal Procedure, upon the court granting the motion to recuse, the court shall appoint an attorney in this district, who has the qualifications of a district attorney, other than a present assistant district attorney, because, by the very nature of disqualifying the district attorney, follows that his staff may not proceed further. If the court feels that he cannot certify an attorney in the district, for what ever reasons, the Code then provides that the court is to certify that, to the Attorney General, who would then designate a district attorney from another district, to come forward and to be the legal advisor, and to handle the matter, or what ever matters, that the district attorney has been recused from. In this instance, would be to, be the legal advisor for the Grand Jury in matters arising out of the sharply defined specification, we have made, an investigation, which in any way relates to the Favor matter. We have so moved the court, and we have moved the court, to pending the court's decision on this motion, to stay proceedings by the Grand Jury, to allow the court an opportunity to consider the motion and we trust, to grant it, and to suspend the subpoenaes issued, subject to further orders of the court, pending, again, on the decision of the court. And we, therefore, submit to the court, of the stay has all ready been granted, we submit to the court, that the court should set a time for the hearing on the motion to recuse, and now so move.

MR. MARVIN: If Your Honor please, we do not agree or consent to any stay order. I think that's interference with the prerogative of the Grand Jury, and as Your Honor well knows, in every case, in which anyone of my law partners represented an accused defendant, where there was further prosecution in those cases, I have officially recused myself. This case, I think is an allocutus of this stuation, is an allocutus to my representing a husband in an action against his wife for a divorce and after the grounds for divorce have arisen, then the wife commits a crime. I think in that instance, I would not have to recuse myself from prosecuting the wife for any criminal activity. That would be my position as to this. However, if I understand Mr. Politz's order, he is asking for a stay order to the Grand Jury and he is asking also, for a rule, ordering me to show cause, at a time to be set by the court, why I should not be recused. We will be prepared to argue that, at the date and time set by the court. And we do not think that it is proper for the court, at this time, to grant any stay orders.

MR. POLITZ: Your Honor, if the stay order is not granted, the Grand Jury is allowed to proceed with deliberations, complying with the assistance of counsel, district attorney, and if the court, at the hearing, which will be had, as Your Honor will direct, the court determines that he should be recused, as we are convinced that he should, in the interest of justice, not necessarily because of improprieties, but the appearances of such, the great care we must take in maintaining our system of justice. If at that time, it would determine, that the district attorney should be and would be recused and the hearings are all ready held, in whole or in part, then the matter would be defeated and an injustice done. And the stay, we submit, must be granted and a hearing had on the rule for recusation, at such time as Your Honor directs, and we stand ready at any time for that hearing.

THE COURT: Any thing further, Mr. Marvin?

MR. MARVIN: No sir. We have stated our position.

THE COURT: The court has read this motion, read it hurriedly, immediately before coming into the court room. It does not propose, at this time, to pass upon the recusation of the district attorney, for the reasons I shall state. I do propose to direct the Grand Jury, that it's hearing today will be stayed, pending the outcome of the rule, to determine whether Mr. Marvin, the district attorney, of this district, of this parish, should be recused. I do this because the law clearly provides, that the district attorney, is your legal advisor. I so charged you, when I empanelled this Grand Jury. I believe I empanelled this Grand Jury. You are certainly within the law, to call yourselves into session and to act as a Grand Jury. The law says that any place, any time, upon the required number of your membership, concurring in that cause. However, your legal advisor must be present with you when you meet, not when you deliberate, but when you examine into any matter, that you may examine into. Now, the question has been raised as to whether Mr. Marvin, as the district attorney, can properly advise with you as your legal advisor. That matter, I do not propose to hear, for this reason. If you heard all that Mr. Politz said, you will remember that he stated to you, and it is a fact, that Mr. Favor applied for a writ of habeas corpus to this court, I being the only Judge, who is not, in any way, been connected with the trial, was called upon to pass upon that application, and did so, to the best of my ability. That ruling was appealed by writ, I believe, to the Supreme Court of this State. They apparently felt that it was correct, because they confirmed it. That having been done, gentlemen, I felt that my connection, such as it has been, the writ of habeas corpus, was completed. I had no further dealings, as far as I knew, with the Favor Case. There were allegations in that petition,

as there have been in the petitions that followed to the Federal Court, of some nebulous wrongdoings, on the part of the officials of this parish, never exactly stated, but there. After having ruled upon this matter, and after having been affirmed, in effect, by the Supreme Court of this State, I then felt free to discuss, with my fellow judges, and with the Sheriff of this parish, these matters that had been alleged, and I freely state to you, I have done so since that time. Under those circumstances, I do not feel, that it would be fair for me to take any further part, even in a motion to recuse the district attorney. So, as soon as I am able to obtain a Judge, from the adjoining district, and get a date, and hopefully it will be within the next ten days, to come here and hear this motion. And when that date is fixed, for the motion, trial of the motion to recuse the district attorney, I shall recuse myself of any further connections with this case. Until I am able to obtain that judge, to come here and agree to hear, I will retain jurisdiction for the sole purpose of fixing that date, and obtaining the services of judge. I now instruct you, gentlemen, that I have signed this order staying the proceedings until you have a proper legal advisor, whether it be Mr. Marvin, if the judge who comes here and tries the motion, decides he should not properly be recused, he will be you advisor, or one of his assistants. Should the contrary be decided by this judge, in that event, some other district attorney, or some attorney, appointed by that judge ad hoc, we call him, for the purpose of that hearing. So, for this day, the order has been signed and you will have to postpone your meetings, until this matter of your legal advisor, has been decided.

MR. MARVIN: May I make one statement to Your Honor?

THE COURT: Yes sir.

MR. MARVIN: You are not purporting to stay them from acting in cases other than the whole matter alleged here?

THE COURT: Certainly. I was informed, Mr. District Attorney that the only matters, that this Jury convened itself for, was in connection with the Favor Case. If they have other matters, they desire to consider, this court does not prohibit you from meeting for any other purpose.

MR. MARVIN: We will meet, gentlemen, just as soon as this matter is adjourned here.

MR. POLITZ: We would ask that you, that the court make clear, that the language of our stay order, is staying any investigation, hearing or proceeding by the Grand Jury, directly or indirectly arising out of the indictment, trial and conviction of Jack Favor. And that is an encompassing order and we do not want the court to misunderstand, that which we have sought and been granted, and that is, that there's to be no hearing, that in any way relates to the Jack Favor indictment, trial and conviction. And we would ask that the court so note for the Grand Jury. And I don't know about the question of the secrecy of the Grand Jury deliberations and I am quite willing to withdraw from this court room and leave it. Only Your Honor and the Grand Jury and the District Attorney, so that you might determine, what it is, they plan to do this afternoon, if it's as we have been told and as we understand, from the information, which has been in the press, and from the discussions that have generally been made, that it does deal with the Favor matter. But upon that determination being made, that the order be made specific to them, in reference to that, so that they will quite understand it, both they and their counsel and that the witnesses, who have been subpoenaed this afternoon, be discharged from those subpoenaes, subject to further orders of this court.

MR. MARVIN: We have no objection to the witnesses being discharged, Your Honor.

THE COURT: Well, the witnesses are discharged, if that was not made clear.

And gentlemen of the Grand Jury, Mr. Marvin, as your advisor, you've heard the request, and this was the Court's intent, if I did not state it clearly, I now reiterate; you may meet, as your are legally permitted to do, to investigate any matter other than this matter, that the issue has been raised, that is the Jack Favor indictment, trial and conviction, and any matters arising out of it. Any thing further, gentlemen, on this matter?

MR. POLITZ: Nothing for us, Your Honor.

MR. SOCKRIDER: One second, please, Your Honor.

MR. POLITZ: Your Honor, we want it made clear, that we consider the release of Mr. Cumbey, which has been at issue in the newspapers and in the Jack Favor writ proceedings, we consider to be included within this order, as connected with the conviction, trial, etc. of Jack Favor.

THE COURT: And let there be no misunderstanding, gentlemen, the release of a witness, Floyd Cumbey, I believe his first name is, is also encompassed in the Court's stay order. Any matter relating to that, as being a part of the Favor hearing.

MR. POLITZ: Your Honor, if it's—.

THE COURT: Madam Clerk, would you receive this filing?

MR. POLITZ: As we appreciate the provisions of the code, Your Honor, the Court has the power and the responsibility of giving instructions and supplemental charges to the Grand Jury. We have taken your charge, here, in open court as being sufficient for present purposes, but should your Honor feel that you would want copies of the motion and stay order served on the foreman, or any other member of the Grand Jury, we have copies available.

THE COURT: I see no purpose in serving the members of the Grand Jury.

I have instructed them individually and collectively.

MR. SOCKRIDER: Your Honor, we would like the record to show that we hand—, handed Mr. Marvin a copy of it, as we approached the bench.

THE COURT: Very well. Gentlemen, thank you for coming into open court.

### CERTIFICATE

I, MARJORIE M. KEITH, hereby certify that the above and foregoing typewritten pages constitute a true and correct transcript of my audograph recording of the Motion to Recuse and for Stay that was taken on the trial of the above entitled and numbered cause at the time and place set forth on page one hereof.

Dated June 19, 1972

REPORTER

### EXHIBIT I

### EVIDENCE

In The Twenty-Sixth Judicial District Court in and for the Parish of Bossier State of Louisiana

In Re: O. E. Price
versus No. 51,650
Charles A. Marvin,
District Attorney

Evidence adduced on the trial of the above entitled and numbered cause, before His Honor, Frank M. Dougherty, Judge of the Second Judicial District Court in and for the Parish of Claiborne, Louisiana, on the 21st day of June, 1972, at Benton, Louisiana.

APPEARANCES:

Henry A. Politz
Suite 1004, Mid South Towers
Shreveport, Louisiana
Counsel for Plaintiff
Charles A. Marvin
Minden, Louisiana
Counsel for Defendant

468

FILINGS

P-1 Page 15
P-2 Page 15
P-3 Page 15
P-4 Page 15
P-5 Page 15
S-1 Page 16

THE COURT: Mr. Politz:

MR. POLITZ: Your Honor, this matter is before the Court on a rule to recuse the District Attorney for the Twenty-Sixth Judicial District, Mr. Charles Marvin, in the event there is to be any hearing by the Bossier Parish Grand Jury, in a certain limited restricted steered, that is examination into matters arising out of the indictment, trial and conviction of Jack G. Favor. And that matter is now before the Court this morning. We have just been handed two exceptions, by Mr. Marvin, which I am sure, he wishes to speak to you.

MR. MARVIN: Yes sir. They are on Your Honor's desk. One is the exception, peremptory exception of no cause of action, the other is the peremptory exception of no right of action. And I think it is proper at this time to see to those exceptions.

THE COURT: You may address yourself to them, Mr. Marvin.

MR. MARVIN: If Your Honor will refer to the application for writs. We furnished you a copy of this item, together with the brief, which has been filed in the Supreme Court in support of that application, together with the motions to recuse, that were filed here last Tuesday. I don't know that Your Honor has a copy of the transcript, that was filed here last Tuesday. Does Your Honor have a copy of that?

THE COURT: No. I believe, I don't have a copy of that. And I don't believe that I desire a copy of that. I don't have time, Mr. Marvin, to read the transcript of the past proceedings.

MR. MARVIN: By way of—

THE COURT: Other sections of the court is waiting for this court room and we want to proceed to dispose of this matter as directly as we can.

MR. MARVIN: I want to make one correction to Mr. Politz's statement about this matter being limited to the Favor matter. In the matter here Tuesday, the transcript reads, after the Judge had issued the stay order, that we want it made clear, this is Mr. Politz, we consider the release of Mr. Cumbey, which has been at issue in the newspapers and in the Jack Favor writ proceedings, we consider to be included within this order, as connected with the conviction, trial, etc. of Jack Favor. And then the order reads, or the Court's statement reads: Let there be no misunderstanding, gentlemen, the release of the witness, Floyd Cumbey, I believe his first name is, is also encompassed in the Court's stay order, any matter relating to that as being a part of the Cumbey hearing. And if Your Honor will read the chronology, that is furnished in our writ application, I think it will be perfectly clear to the Court, that the Grand Jury, obviously is interested in looking into the release of the man, Cumbey. To the motion to recuse, this District Attorney, we have filed the exceptions of no cause and no right of action. They are both based on the proposition, that if the allegations of the petitioner taken, is true, that my senior law partner, between the middle of July of 1971, and sometime before January 1, 1972, was a co-counsel Favor's application for a habeas corpus, that is not grounds to recuse me, with respect to a Grand Jury investigation, that has to do with release of the man named Floyd Cumbey. And if Your Honor will refer again, to the application and the brief submitted in support of that, and particularly, Article 7 of that application to the Supreme Court, and we will make that application a part of this record, with Your Honor's permission. We will note that the distinguishing factor is there. There is no allegation by Judge Price, who is the mover in these proceedings, that he is

a defendant. He alleges merely, that he was subpoenaen as a witness, to this Grand Jury. We have quoted, Your Honor authority, it's in the brief, pretty much in detail, from the section on Grand Juries, in Volume 38, 38 of Corpus Juris Secundum, Section 41, and briefly, I will scan it for the Court, without reading it in it's entirety. "One called before the Grand Jury, as a witness, is not entitled to challenge the authority of the Grand Jury, provided that it has a de facto existence in organization, nor is he entitled to set limits on it's investigations, that the Grand Jury may conduct, or take exception to the jurisdiction of the Grand Jury, in any particular matter." Now, when you read these articles and go back to the recusation Article no. 680, with these principles of law, it says that: "A District Attorney shall be recused, when he has a personal interest in the case, which is in conflict with a fair and impartial administration of justice." The only allegation in the petition, that you will note, Your Honor, has to do with the fact that my— factual allegation, let's put it that way, has to do with the fact, that my senior law partner, at one time, was a co-counsel on the writ of habeas corpus for Mr. Favor. Number two, the grounds for a recusation is related to the party accused, or to the party injured. No such allegations there. And the third allegation is that, of the third ground for recusation, is that he has been employed as consulttant in the case, as attorney for the defendant. Now, let's assume that Judge Price is the defendant, and there is no allegation that he is, I don't think any one knows, at this time, whether he is or shall be a, even a prospective defendant, if the Grand Jury should elect to return an indictment, but the grounds for recusation says: "Has been consulted in the case, as an attorney for the defendant", and if Your Honor will refer back to the application in the Supreme Court, we have set forth, with particularity there, if there is no way that any prospective defendant, in this Grand Jury investigation, in, has consulted me, or employed me, prior to my election, or my appointment as District Attorney. And Your Honor, I know—I know this is a rather complicated situation, but if Your Honor will read the chronology of what has transpired and take note of the obvious interest the Grand Jury has, I think it will be perfectly clear to Your Honor, that there is no allegation in the petition, with respect to the exception of no cause of action, that affords any grounds to recuse me, from acting as a legal advisor to this Grand Jury. And that is the thrust of the—the thrust of the petition. We have found no case in the United States, where a Grand Jury—where a District Attorney was recused from investigating into or assisting a Grand Jury in investigating into any particular crime. Now, this is before any crime as been charged, Judge, and I have not found any case where a District Attorney was recused from investigating into or assisting a Grand Jury in investigating into the possibility of a crime being committed. Let's assume, Judge, that today, I filed a bill of information against the mover in this motion to recuse. There is no grounds under Louisiana law, that the allegations—that the bill of information can be quashed, because of any prior, representation, personal interest or otherwise. That is not in grounds to quash a bill of information. And we are drawing this analogy to show that matters that have to do with investigation, if Your Honor will read the material in the brief, that the District Attorney is not recusable in that instance. Your Honor may, also note that, there are about four cases in the Louisiana law, where a District Attorney has been recused. They have either been employed in the case, by the defendant himself, or have a personal interest, some animosity toward the particular defendant, but in no case, Judge, in Louisiana or else where, has that recusation been successful or even attempted in Louisiana, insofar as we can find, where the District Attorney was recused before any crime was done. And we say that, if you take these allegations as true, under the law, in Arti-

cle 680 there is no grounds to recuse this District Attorney.

MR. POLITZ: A brief response, Your Honor. For the purposes of these exceptions, the allegations of the petition are taken as true, as they are, indeed true. In response to counsel's exceptions that Judge Price has no right and Judge Price has no cause, to seek the relief that is before the Court. We submit that, that is error. He indeed, has both right and cause and great responsibility. And we want to address ourselves to that. We don't know what the Grand Jury was called together to do, because the Grand Jury must act in secrecy, and that is right and that is the law. We speculate what the Grand Jury was called together to do from the press. The press reports, front page of the Shreveport Times, last Monday, that the Grand Jury had called itself into session. And very appropriately Mr. Marvin refused to even comment, when asked by the reporter, is the Grand Jury being called and he wouldn't acknowledge whether they were being called or not being called at all. And that is proper. But it is in the press, that they were being—they had called themselves together. Next morning, before the Grand Jury met, it is in the press again, in the Shreveport Times, about the Grand Jury, it's incorporated in another story about the Grand Jury was meeting that afternoon and it names a number of people, all of whom incidentally, were subpoenaed to appear that afternoon and were here in court last Tuesday. There is concern, that the secrecy of this Grand Jury is being abrogated. This is coming from some place. There is concern that Mr. Marvin's law firm, acting through his senior partner, his father-in-law, Mr. John T. Campbell, for whom I have the greatest respect, appropriately and properly represented Favor in the State Court proceeding, seeking a writ of habeas corpus, before Mr. Marvin was elected District Attorney, is quite true. But we also allege, and we also have a copy of the opinion of Judge Dawkins, his order, rendered on June 2, a supplemental order, and it has on the cover sheet, that of counsel for Favor is the law firm of Campbell, Campbell, Marvin and Johnson. We are concerned about that. Mr. Marvin does not suggest an answer to that allegation which is in our petition, that his law partner, after he was elected District Attorney, was attorney in the Federal Court proceedings. Is that so or not so. We are concerned that there has been some suggestion that this Grand Jury may be seeking advise of private counsel, which is, of course, against the law. We suggest to the Court, that the right and the cause of action of Judge O. E. Price, to bring this matter before the Court, is very simply stated. The sole and only purpose and motive of Judge Price, in filing this motion to recuse, is to secure a prompt and thorough and fair and complete examination into this matter, if indeed, that is what the Grand Jury is going to do. And again, we speculate, but if this Grand Jury wishes to look into this matter, that it is Judge Price's position that it be done promptly, and that it be done thoroughly and that it be done fairly and that it be done exhaustively. We feel, that in order for that to be done, the legal advisor for that Grand Jury, the person who advises and consults with them, tells them about the law, assists them with the evidence, should be some one, who has been in no way connected with the Favor trial, not in the trial itself, not in any post conviction remedies, the writs of habeas corpus, not personally, not through his law firm. We submit that the ends of justice dictate that kind of investigation into this matter. And in order for the public to have confidence in the results, that is the kind of investigation that must be conducted. Now, we suggest to the Court, this in terms of Judge Price's right and cause of action to bring this motion to recuse. This matter has been going on for years. There have been comments in the press for years, about this. It has bubbled up and gone down, bubbled up and gone down. Judge Price was the presiding Judge. It was inappropriate for him, at any time, to comment about any of

these matters, as presiding judges do not. The residing judge in a criminal matter, hears the evidence, if there is a trial, or the jury hears the evidence, if it is tried to the jury, and at the appropriate time, be it on conviction or a plea of guilty, he sentences the defendant. And the presiding judge is then through, under our system and has no more power, no more authority, no more responsibility, unless and until an application has been made to the pardon board for commutation of the sentence he gave, at which point, he votes, as Your Honor well knows. He could not comment on this matter. All alon—there have been writs filed in State Court, writs filed in Federal Court calling for an evidentiary hearing. There have been allegations by the convicted man, that there was a collusion on the part of Bossier Parish authorities. Evidentiary hearing have been called for. Judge Price has been expecting all along, that sooner or later, such an evidentiary hearing would be had. All witnesses could be put in the witness box, under oath, in open court and testify about what ever it is to testify about these allegations and these writs of applications for habeas corpus by the convicted man. The because of the matter, boxing between the State and Federal Court, which is not pertinent to our discussion this morning, no evidentiary hearing was had. And it appeared that the Favor writ was going by default. That Favor, whom Judge Price had sentenced, just as he had sentenced Cumbey, just as he had sentenced Yates, the three of them involved in this matter, he sentenced all three, because he believed all three should be in jail, and insofar as he is concerned all three should still be there, he has asked counsel to contact the Attorney General's office to see if, perhaps, some thing couldn't be done, to present the State's side of this matter, so that Favor would not be released by default. And that contact was made. It was made by me and one of my law partners. And as you made have noted in the paper, the Attorney General has appealed Judge Dawkin's order, order of yesterday and the 5th Circuit

will be asked to look at it. His right and cause of action, he sentenced these men, he has never suspended the sentence of Cumbey, he has never ordered him released. If the Grand Jury now, is going to look into the Favor matter, and it is impossible. It is just imposible, despite the clever sematics of counsel, to fully examine into the Favor matter, without fully examining into every thing which relates to the State's star witness, Cumbey. And when you investigate the Favor trial, you must investigate the Cumbey matter. It's all one ball of wax. And when the court stayed an investigation into Favor, it necessarily followed, that it would stay an investigation into any witness in the Favor trial, and that expression by the Court, expanding his order, was not an expansion of the order, but a simple explanation. Counsel says there is no law in Louisiana, about recusing a District Attorney, as legal advisor for the Grand Jury. He stated the case of State ex rel DeArmis versus Platt, Supreme Court decision, 193 Louisiana 928 1927659, is a very long case and it has a very detailed discussion about the Grand Jury. This Grand Jury was trying to recuse it's own legal advisor. This Grand Jury had, on it's own, sought private advise. The Court noted that them seeking private advise was improper. The court noted that they couldn't recuse this District Attorney. But the reason the court this District Attorney would not be recused as legal advisor for the Grand Jury, was that the particular complaints had against him, were not listed in the Code Article. As of that time, it was Code of Criminal Procedure, Article 310 and 311. Never suggesting that you could not recuse a District Attorney as legal advisor, but to contrary, says that this one has not done anything, which is prohibited by the Code. Counsel says that Article 680 does not provide for the basis of this. The first subparagraph, that he read of Article 680 of the Code of Criminal Procedure, says, the District Attorney shall, not might, shall, mandatory language in the law, be recused, when he has a personal interest in the cause, which is in

conflict with fair and impartial administration of justice. Your Honor will note, in the comments to that order, which is our new Code, of course, this is an expansion on the article, which it replaced, Article 310. The Article used to read, an interest adverse to that of the prosecution, it now reads, an interest in conflict with fair and impartial administration of justice, obviously much broader language. The court in the case of State versus Tate, had spoken to this and had recused the District Attorney, who was involved in civil litigation, involving that same defendant. With this kind of language, in State versus Tate, and it is important, it seems, to us here, with reference to the cause of action and the right of action. The Supreme Court said this: The District Attorney is a quasi judicial officer, he represents the State. And they go on to state in that same paragraph: Therefore, he should not be involved, or interested in any extrinsic matters, which might consciously or unconsciously impair or destroy his power to conduct the accused trial, fairly and impartially. No extrinsic matters, nothing which consciously or unconsciously might impair his capacity to function fairly and objectively. We submit this, we have very high regard for Mr. Marvin. We submit this, the fact that his law firm is still on theses pleadings, from what we have, the fact that this is now appealed, this civil action, which the writ of habeas corpus in Federal Court is, is on appeal to the 5th Circuit, it is still there, ultimately it will be passed on. Whether there will be an evidentiary hearing in that writ, whether the matter will be tried on a new trial, the Favor case is to be disposed of some time. His law firm is of counsel, according to the cover sheet of that opinion. We say to Your Honor, that all we wish, is that this matter be looked into fairly, quickly, expeditiously and thoroughly. And any thing, which might impede that being done, we oppose, and we suggest that, that it would be more appropriate for a District Attorney to be brought in here, who has no involvement in any way, and

asked to advise this Grand Jury, should they decide to investigate it.

MR. MARVIN: May I reply, Your Honor.

THE COURT: Yes sir.

MR. MARVIN: Under the exception of no right of action, I believe we have the right to present evidence on that, and we will show to Your Honor's satisfaction, that Mr. John T. Campbell has not been a co-counsel on any habeas corpus matter in the Favor thing, in the State Court or Federal Court since January 1, 1972. The only person enrolled as the attorney in the Federal Court, according to the records of the Clerk of the Federal Court, and I have just sent for a certified copy of those records, is Mr. J. B. Wells, and I will later ask that Mr. Campbell be put on the stand, to testify as to his representation.

MR. POLITZ: Your Honor, that is totally unnecessary. If Mr. Marvin is saying to the Court, that his law firm is not counsel of record in the Federal application, has not been and will not be, we accept that, Mr. Marvin. It is not necessary for evidence.

MR. MARVIN: I ask leave to submit the certificate of the Federal Clerk any way, for the sake of the record, if this thing does go up stairs. If Your Honor listened to Mr. Politz's argument, in every instance that he talked about, he talked about a defendant, Judge. He talked about a defendant. A defendant, is a person, who is charged with a crime, insofar as the criminal law is concerned. We do not have a defendant in this particular case. No crime has been charged any one, with the release of the man, Cumbey. If Your Honor will go through this mass of written material, and I regret the length of that, you will see that obviously, what the Grand Jury wants to inquire in, is why. When a man was sentenced to forty two years in the state pen on December 11, 1967, why was that man released on December the 12th, 1967, the very next day. And when it became ob-

vious, in just a few weeks, widely publicized and known, that this man had killed two people in Oklahoma and he is now up there in the Oklahoma State Pententiary, why during the year of 1968, 1969, 1970 and 1971, nothing was done to inquire into or explain why, this person was released. The only answer, the only answer is that we have received, is the one that the Sheriff has made public. We haven't heard from any body else.

THE COURT: Gentlemen, I am not over here to try the Cumbey case, nor the Favor case. I am over here this morning from Claiborne Parish to— Have your seat, Mr. Marvin.

MR. MARVIN: Yes sir.

THE COURT: These are not matters in rebuttal any way, to what was stated over there. I want you gentlemen to come to chambers and I will have some thing to say to you there.

MR. MARVIN: May I put two other things on the record, before we go in there, Judge.

THE COURT: What is that, Mr. Marvin?

MR. MARVIN: It has to do with rebuttal as to what he was saying, about the DeArmis case and the other—

THE COURT: The DeArmis case has been in the jurisprudence for twenty five years. The judges all know, myself knows what it holds and so do the people on the appellant courts. You may refer to it, stipulate that that would be the basis of your legal argument. We have used enough time. This matter needs to be expedited and I am not going to get lost in a maze of arguments, gentlemen. I came over here to address myself to the recusation of the District Attorney and I shall largely confine my consideration to that point. Gentlemen, come to chambers, if you will, please.

THE COURT: Do you gentlemen have any further filings, or documental fi-

lings, or stipulations, which to make, before I pass on this matter.

MR. POLITZ: Do you have the answer of defendant, Your Honor?

MR. MARVIN: Yes. I have filed it with the Clerk. I believe Your Honor has the exception.

THE COURT: Yes sir.

MR. MARVIN: On your desk, plus the application for writs. We'd like to file all of those things.

MR. POLITZ: We are prepared to make a number of filings, Your Honor, in globos.

THE COURT: Proceed to make them.

MR. POLITZ: We'd ask to introduce— be allowed to introduce in evidence as P–1, the newspaper article of June 12, 1972 of the Shreveport Times. As P–2 the newspaper article of June 13, 1972 of the Shreveport Times. As P–3, the subpoenae issued to Judge Price. As P–4, the written reasons for ruling in State Court by Judge McClendon on the application for writ, dated 13, October, 1971. As P–5 the supplemental order by Judge Dawkins and the Federal Court application for writs, dated 2, June, 1972, and we would ask to introduce the Favor record. I understand that to be numbered 35,522 and 35,523 of this court. We wish to introduce in evidence our pleadings on this motion, to which is attached an affidavit and incorporate the factual statements made by Mr. Marvin and the arguments on the exception as they relate to the involvement of his law firm in the writ application.

MR. MARVIN: And we would make a filing, if Your Honor please, of the docket sheet in the Federal Court case, showing that the attorney for the plaintiff is Mr. James B. Wells and not Mr. Campbell and we would ask that the records show that the stipulation between these counsels here, that if Mr. John T. Camp-

474

bell was called to testify, that he would testify that he has not been counsel for Jack Favor in any proceeding on or since January 1, 1972.

MR. POLITZ: So stipulated, Your Honor.

THE COURT: Let the offerings be received in evidence.

MR. MARVIN: State Exhibit 1, I guess.

THE COURT: In line with the reasons orally assigned in chambers, to counsel, I overrule the exceptions of no right and no cause of action that have been filed in this matter. I address myself directly to the motion to recuse the District Attorney in this matter. I would like initially to say, that the Courts sit to do justice. I came over here from Claiborne Parish, to hear this on a— when the elected Judge of this division felt that he had cause to recuse himself. I am aware of, over the years, particularly recently, the background of the controversy. I note that the things, that seem to be concerned with, are some five or six years old, 1967, I believe. It's now half way through 1972. My concern, since I have been a practicing attorney and all the time on, my years, and they are considerable, on the 2nd circuit—the 2nd District Court, has been toward maintaining respect and public confidence in the institution, over which I preside. I think, generally, most lawyers feel that way, too, that that's the duty of a judge and it's a duty of all of us. I have res—conducted all of my proceedings and every utterance that I have ever made in public life, so that the public would have confidence in it's courts. These are matters that might touch, in some way, by rumor, insinuation and the rumor mongers are busy. Election time, secret Grand Jury's seeking to investigate things that have happened, and I know not what of, perhaps. The Code of Criminal Procedure, Article 680, in setting out grounds for the recusation of the District Attorney, and I might say here, that the courts not only need fair and impartial judges and those judges must not only be fair and impartial, but the public must have confidence, that they are fair and impartial. Also, the same goes for the office of District Attorney, while their duties differ. A District Attorney represents the people and he is some times, has it in his power, by the nature of his duties, to influence juries, grand juries to a great extent, where people, innocent people might be harmed. I don't think that's this case, I have known Mr. Marvin, in his youth. He is making a creditable record for himself and I commend him. At the same time, this particular case involves the firm of which he is a member and does civil practice in. It has in the past, it may not be so now, I, since this morning, I believe, probably Mr. John T. Campbell is no longer concerned with the Favor appeal or the Favor writs, or whatever is going' to happen in court to Mr. Favor, but his past connection is here. It's part of every thing that's gone recently and it is going to effect what happens in the future. I must know also, that Mr. Marvin, a member of his family is now in politics against whose race might be concerned some what with one, or some of the people, who were subpoenaed as witness before this proposed Grand Jury hearing. All of those, in my opinion, my considerate opinion, will effect the public reaction, public confidence in the work of this court. And as a result of that, I've come inescapably to the conclusion that the court should order the—that Mr. Marvin be recused as District Attorney in these proceedings. Under the law of Louisiana, when a District Attorney is recused, the Judge may go out into the district and choose an attorney, possessing those qualifications and recommend him to the—to the Attorney General of the State to be appointed to represent the people in the investigation. Now we have many able, and astute lawyers in the Twenty-Sixth Judicial District. I practiced law nearby here. I sat here for a year once. I know them. I ad-

mire many of them, like all of them, but I think this case deserves an experienced District Attorney, one in whom the public will have absolute confidence and have no reason whatsoever to doubt his intentions, his motivations. I think it takes that, and nothing less, than that. So I have this day talked to the Attorney General's office and recommended to the Attorney General of the State of Louisiana, the Honorable William Guste, William J. Guste, that he appoint, and I will talk to his assistant, and I have a telephone call in to him and will talk to him shortly, within a few minutes, he's in his office, but busy, and recommend that he pick an outstanding District Attorney from some where in the State of Louisiana, to come here and conduct whatever proceedings are right and proper in this matter and I feel that he will do just that. I, as I said, I came here to see that all parties, the State of Louisiana and what ever people might be effected by any action of this Grand Jury, this proposed hearing, are treated fairly and squarely. That is my firm intention and I am going to, when this District Attorney comes here, my instructions to him is to do his duty, that if there is any misconduct, on the part of any court official, any member of the public, or a member of the Grand Jury, in connection with this proceeding, to call the same to my attestion and that I will deal with it, in a manner fitting. You may depend on that. I am impressed that there is a great need in this matter, for speed. I propose to, as soon as I get word from the District Attorney and—from the Attorney General and he tells me who is going to represent the people and the State of Louisiana in this matter, to have him come here, and confer with him immediately and direct him to give his full attention to a speedy hearing of this matter and all issues connected with it. That the public and the people involved may know that justice has been done. I'm aware that there are no charges. No body stands charged with any thing, so far as I know, but the implications and the rumors and the things

that go out of a hearing such as this, or a proposed hearing, can greatly damage innocent people. I'm aware that this is the year, when, we and all judges are aware that this is election year and people have to put their record before the public. I'm also aware that at least, one or two of these men, by the responsibilities and the nature of their duties, their lips are sealed. And some times they can be literally crucified in the public press, yet they have to stand silent. Therefore, it is my desire that a just hearing be had and a man be brought in here, who not only knows his business, but will do it. And I feel confident and the public can depend upon it. That will be done and done speedily. I wish to make perfectly clear, that this is no wise directed at your fine young District Attorney. He has done his duty and until some judge steps in and decrees otherwise, he has proceeded with what he has supposed to do. I find no fault in him. I want that known. I have watched him since the day he started practicing, dealt with his firm, they have been my personal friends, and I felt like I owed that to him, to say that, and I do say it. So, this, I believe there's nothing else for me to decree. If I have overlooked any thing, counsel will call it and we will stand by until I hear from the Attorney General. And I will notify you when to—

MR. MARVIN: If you people please, before we adjourn, I want to state for the record, that I appreciate your last remarks, but at this time we do want to give the Court and opposing counsel notice, that we will apply to the Louisiana State Supreme Court for writs, with respect to Your Honor's order, today, with all due respect to you.

THE COURT: Thank you, sir. That is noted in the record.

MR. MARVIN: Could we have a time set, Judge. I think it's customary and we will prepare an order—

THE COURT: I am going to recess this, not adjourn this proceedings. I

think that, I don't know whether Judge McClendon was going to try a case here. I don't know whether he is still going to or not, but we may use a different court room. I expect to hear from Mr. Guste within the hour and I am not adjourning this proceedings, I'm merely recessing it, until I do hear from him.

MR. MARVIN: With respect to the application for writs though, I believe Your Honor has to set a dead line, by which we must file those writs.

THE COURT: Well, I wasn't addressing myself to that. This is Monday, this is Wednesday—

MR. MARVIN: We have one application presently pending and this probably will be in the nature of a supplemental writ and it will not require that much time. I think perhaps five o'clock next Tuesday, at the latest.

THE COURT: I am going to give you until five o'clock Friday.

MR. MARVIN: Of this Friday—

THE COURT: Yes sir.

MR. MARVIN: or next Friday.

THE COURT: We must be heard. I don't want to limit you, but vacation is upon us. We must give these things— the public is entitled to have them heard.

MR. MARVIN: That's all right. Very fine. That's good.

THE COURT: We will be in recess until later in the afternoon.

CERTIFICATE

I, MARJORIE M. KEITH, hereby certify that the above and foregoing typewritten pages constitute a true and correct transcript of my audograph recording of the evidence that was taken on the trial of the above entitled and numbered cause at the time and place set forth on page one hereof.

Date June 22, 1972

(s) Marjorie M. Keith
REPORTER

EXHIBIT J

In re O. E. Price
vs.
Charles A. Marvin,
District Attorney

Number 51650
26th Judicial District Court
Bossier Parish, Louisiana

ORDER

Considering the motion filed herein on June 13, 1972, the law and the evidence and arguments of counsel:

IT is ordered, that the exceptions filed herein by the District Attorney be overruled.

It is further ordered that Charles A. Marvin, District Attorney be and he is hereby recused in these proceedings or in any proceedings arising out of the trial, conviction or sentencing of one Jack Favor and the release of Floyd Edward Cumbey.

It is further ordered that pursuant to Article 682 of the Code of Criminal Procedure the District Attorney having been recused, that the Court hereby certifies to the Attorney General of Louisiana that the Court is unable to make the appointment of a District Attorney Ad Hoc and requests that the Attorney General appoint a District Attorney of another district to act in place of the recused District Attorney.

Judgment signed at Benton, Louisiana, this 21st day of June, 1972.

(s) Frank M. Dougherty
DISTRICT JUDGE AD HOC

EXHIBIT K

In Re: O. E. Price
versus
Charles A. Marvin,
District Attorney

Number 51,650
26TH Judicial District Court
Bossier Parish, Louisiana

## NOTICE OF INTENTION TO APPLY FOR SUPPLEMENTAL WRITS OF CERTIORARI, PROHIBITION AND MANDAMUS

TO: Honorable Frank Dougherty, District Judge Ad Hoc

Messrs. Booth, Lockard, Jack, Pleasant & LeSage, attorneys for the Honorable O. E. Price

Please take notice that the undersigned intends to apply to the Honorable Supreme Court of Louisiana, for writs as above provided respecting the order of the Court of June 21, 1972, overruling exceptions of no cause of action and no right of action, and recusing the District Attorney, Relator, Charles A. Marvin.

(s) Charles A. Marvin
CHARLES A. MARVIN
District Attorney
26th Judicial District
Bossier Parish Courthouse
Benton, Louisiana

## ORDER

Considering the foregoing notice:

CHARLES A. MARVIN, District Attorney, is allowed to make application for writs to the Honorable Supreme Court of Louisiana returnable before five o"clock p. m. on June 23, 1972.

Officially signed June 21, 1972.

(s) Frank M. Dougherty
DISTRICT JUDGE Ad Hoc
[Frank M. Dougherty]

478

EXHIBIT L

OFFICE OF THE CLERK

SUPREME COURT OF LOUISIANA

NEW ORLEANS, 70112

June 23, 1972

Honorable Enos C. McClendon, Jr.
Judge, Twenty-Sixth Judicial District
Minden, Louisiana 71055

Re: No. 52,590
State of Louisiana ex rel
Charles A. Marvin, District Attorney
v.
Enos C. McClendon, Jr., Judge,
Twenty-Sixth Judicial District

Dear Judge McClendon:

Attached is a certified copy of an Order issued by this Court today in the above entitled matter, which is self-explanatory.

With kindest regards, I am,

Very truly yours,
(s) Harold A. Moise, Jr.
Clerk

HAMjr:ae
Enclosure

ccs: Honorable Charles A. Marvin
Henry A. Politz, Esq.
Henry F. Sockrider, Jr., Esq.
Honorable Frank M. Dougherty
Mrs. Wilna Mabry

SUPREME COURT OF LOUISIANA

NEW ORLEANS, 70112

STATE OF LOUISIANA EX REL June 23, 1972
CHARLES A. MARVIN, DISTRICT ATTORNEY
v.
ENOS C. McCLENDON, JR., JUDGE, No. 52,590
TWENTY–SIXTH JUDICIAL DISTRICT

---

In re: The State of Louisiana, through District Attorney, 26th Judicial District Court, Charles A. Marvin applying for writs of certiorari, prohibition and mandamus.

---

Writ granted (See order, (Attached).

/s/ WBH
/s/ EHMcC
/s/ JWS
/s/ AT Jr.

SUMMERS, J., dissents. See order.
BARHAM, J., dissents and will assign reasons.

# 480

## STATE OF LOUISIANA

PARISH OF BOSSIER
IN THE TWENTY-SIXTH JUDICIAL DISTRICT COURT }

In the name and by the authority of the State of Louisiana, the Grand Jurors duly impaneled and sworn in and for the Parish of Bossier, District and State aforesaid, upon oath, present that _____ O. E. Price _____

_____, late of the Parish of Bossier on or about the ___20th___ day of ___July___ in the year of our Lord, one thousand nine hundred and ___Seventy-Two___ at and in the Parish, District and State aforesaid, did then and there, in the peace of God and State, then and there being wilfully _____

Committed perjury in that he appeared as a witness before the duly impaneled grand jury of Bossier Parish, Louisiana, which was investigating the release of Floyd Cumbey, and after being first sworn and under oath, did testify as follows: That in his capacity as presiding judge for the 26th Judicial District Court in Bossier Parish, Louisiana, he at no time ever agreed to grant Floyd Cumbey a suspended sentence; that he had no knowledge of any agreement to suspend Floyd Cumbey's sentence in return for his testimony. And particularly, said O. E. Price committed perjury when he stated "I had never had anything to do with any conversation or comment, or owed him (Cumby) no obligation, myself, and just didn't see fit to suspend the sentence", and "I had no knowledge of any prior deal with Floyd Cumbey at any time during the trial up to the time he was sentenced."

All of which testimony and statements enumerated above, the said O. E. Price, then and there well knew were false and untrue, and all of which were related to matters material to the issue and question under investigation.

contrary to the form of the statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same.

_Charles A. Marvin_ (signature)

District Attorney, Twenty-Sixth Judicial District of Louisiana.

[Charles A. Marvin]

[A6464]

EXHIBIT N

# STATE OF LOUISIANA

PARISH OF BOSSIER }
IN THE TWENTY-SIXTH JUDICIAL DISTRICT COURT }

In the name and by the authority of the State of Louisiana, the Grand Jurors duly impaneled and sworn in and for the Parish of Bossier, District and State aforesaid, upon oath, present that ___Louis H. Padgett, Jr._____

_____, late of the Parish of

Bossier on or about the____20th____day of_____July_____in the year of our Lord, one

thousand nine hundred and____Seventy-Two_____at and in the Parish,

District and State aforesaid, did then and there, in the peace of God and State, then and there being wilfully___Committed

perjury in that he appeared as a witness before the duly impaneled grand jury of Bossier Parish, Louisiana, which was investigating the release of Floyd Cumbey, and after first being sworn and under oath, did testify as follows: That in his capacity as District Attorney for the 26th Judicial District Court in Bossier Parish, Louisiana, he had at no time ever agreed to release Floyd Cumbey in return for his testimony; that he did not direct Deputy Sheriff Vol Dooley to complete the papers necessary to send Floyd Cumbey to the Louisiana State Penitentiary as sentenced, and then release Floyd Cumbey outside the State of Louisiana; that he and Judge O. E. Price did not agree to sentence Floyd Cumbey and then release said Floyd Cumbey, and change the sentence at a later date; and particularly said Louis H. Padgett, Jr., committed perjury when he stated "I answered Mr. Brown, that I did not direct Mr. Dooley to turn the man loose."

All of which testimony and statements enumerated above, the said Louis H. Padgett, Jr., then and there well knew were false and untrue and all of which were related to matters material to the issue and question under investigation.

contrary to the form of the statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same.

*Charles E. Marvin*

District Attorney, Twenty-Sixth Judicial District of Louisiana.